In the Matter of WILLIAM ISELIN & Co., INC., Petitioner, *v.* BURGESS & LEIGH, LTD., et al., Respondents.

Supreme Court, Special Term, New York County, January 10, 1967.

*Otterbourg, Steindler, Houston & Rosen (Frederic P. Houston* and *Arthur A. Greenfield* of counsel), for petitioner. *Smith & Steibel (Ludwig A. Saskor* of counsel), for Burgess & Leigh, Ltd., and another, respondents.

MITCHELL D. SCHWEITZER, J. Petitioner seeks in this proceeding, pursuant to CPLR 5239, to vacate an execution levy made by the Sheriff on behalf of one of the respondents against the property and inventory of Maddock and Miller, Inc. (hereinafter called "Debtor") upon the ground that petitioner has a prior security interest and is entitled to immediate possession.

Petitioner is engaged in the business of factoring and commercial financing. The Debtor, one of petitioner's clients, is currently unable to pay its obligations as they mature. The named respondents, other than the Sheriff, are judgment creditors of the Debtor.

Petitioner entered into two written agreements with the Debtor on May 20, 1965. The first was an accounts receivable financing agreement pursuant to which the petitioner agreed to make loans and advances to the Debtor upon the security of its accounts receivable. All such advances, as well as all other obligations owed by the Debtor to petitioner, were payable on demand. The second agreement was entitled "security agreement — merchandise inventory" which provides that Debtor grants to petitioner a continuing general lien upon and a security interest in its entire merchandise inventory then existing or thereafter acquired, as security for the payment in full of all loans and advances made by petitioner in conjunction with the financing agreement. The security agreement further provides that upon the breach of that agreement or of the financing agreement, or upon the nonpayment when due of any obligations owed by Debtor to petitioner, petitioner shall have the right to foreclose its lien and security interest, to take possession of the collateral without judicial process, and to sell at public or private sale.

Since Debtor's place of business and its warehouse were both in New York County, the security interest created by the security agreement was perfected by due filing of a financing statement with the New York County Clerk and the New York

Department of State on May 21 and May 24, 1965, respectively, pursuant to the Uniform Commercial Code.

One of the respondents, Burgess & Leigh, Ltd., obtained a judgment against the Debtor, which was entered in the New York County Clerk's office on or about September 28, 1966 and upon which execution was issued to the Sheriff on or about October 10, 1966. Pursuant to such execution, the Sheriff levied on the Debtor's fixtures and inventory on October 14 and October 21, 1966.

Thereafter, petitioner on or about November 3, 1966 made written demand for payment of the indebtedness which was due and owing by Debtor under the financing agreement and which was payable on demand, pursuant thereto. Debtor defaulted and petitioner contends that thereupon its right to possession of the collateral accrued.

The sole question before this court is whether petitioner has the exclusive right to possession and sale of the collateral, pursuant to its security agreement and the Uniform Commercial Code.

The validity of the security agreement which secures both present and future advances and which covers both existing and after-acquired inventory is not controverted and accordingly petitioner's security interest attached to such inventory (Uniform Commercial Code, § 9–204). Petitioner's security interest was perfected by proper filing in May, 1965 (Uniform Commercial Code, § 9–302), and thereupon petitioner's security interest took priority over all unfiled and unperfected interests (Uniform Commercial Code, § 9–301), including the rights of judgment creditors who thereafter issued execution, since the liens of such creditors are perfected only by the issuance of execution pursuant to CPLR 5202 (subd. [a]). On default, it would appear that petitioner became entitled to immediate possession of the collateral, both by virtue of the express provisions of the security agreement and of section 9–503 of the Uniform Commercial Code.

Thus, by both contract and statute, petitioner has established its right to take possession of the collateral, without judicial process, and it did so, as confirmed by the November 9, 1966 letter agreement between petitioner and Debtor. After the default, the Debtor lost its right of possession and sale and retained only a contingent right in the surplus, if any, after sale. Petitioner's right to sell the collateral exists both by express provisions of the security agreement and of the section 9–504 of the Uniform Commercial Code.

In *Matter of General Motors Acceptance Corp.* v. *Maloney* (46 Misc 2d 251) although a conditional sales contract was involved while in the instant case it is an inventory lien, the court vacated a levy and directed the Sheriff to deliver the property to the petitioner, holding that a levy cannot relieve the conditional vendor of his obligation under the contract to pay the installments as they come due, nor can the levy void the conditional vendor's statutory right to repossession when there is a default in payment.

Respondents contend that the agreement between petitioner and Debtor whereby petitioner refrained from declaring the Debtor in default, even though it was unable to pay its indebtedness, so that the Debtor might continue to operate and thereby liquidate its inventory, creates a material issue of fact. Therefore, respondents seek either a continuance or a denial of the instant motion, pending examinations before trial and discovery proceedings by them, pursuant to CPLR 3212 (subd. [f]).

Discovery proceedings are inapplicable to the case at bar since the facts necessary to establish petitioner's rights are a matter of public record. Petitioner's rights depend on its security interest and the perfection thereof under the Uniform Commercial Code and, upon filing, petitioner served notice that all existing and after-acquired inventory of the Debtor was subject first to the payment of the petitioner's lien. Further, upon the papers submitted, respondents fail to create issues upon proof of material facts (*Shapiro* v. *Health Ins. Plan of Greater N. Y.*, 7 N Y 2d 56). No apparent disputed questions of fact are evident herein.

Respondents fail to cite statutory or decisional authority to support their contention that a secured lender on a demand basis owes a duty to merchandise creditors to demand repayment and to foreclose on its lien at the first instance it believes, or has cause to believe, that the Debtor cannot immediately repay the loan, or risk losing its security if it fails to do so.

Accordingly, the right to possession and sale of the collateral, in the case at bar, passed from the Debtor to the petitioner at the time of default. Whether or not the Debtor had such rights at the time the levy was made, the Debtor did not have them after default, and the levy is ineffective to transfer such right. Therefore, the levy is vacated and petitioner is adjudged to have the right to possession and sale of the inventory of the Debtor.