Albert Orenstein, J.
Petitioner, Crompton-Richmond Co., Inc., seeks to vacate a restraining order served by O’Hara & Shaver, Inc., judgment creditor, upon the Town of Salina, a debtor of Empire Bituminous Products, Inc., claiming a prior security interest in this receivable over the judgment creditor.
Crompton-Richmond Co., Inc (hereinafter called “ Crompton ”) obtained a security agreement and assignment of accounts receivable from the Empire Bituminous Products, Inc., (herein designated “ Empire ”). The security interest was perfected by filing a financing statement as required by .the Uniform Com *48 mercial Code, in the office of the Secretary of State in Albany, New York, on February 19, 1965; in the Onondaga County Clerk’s office on February 20, 1965; and in the Oswego County Clerk’s office on March 25,1965. Pursuant to the security agreement, Crompton, as factors, made loans and advances to Empire subject to the terms and conditions of the agreement.
Subsequently, on the 12th day of September, 1969, O’Hara and Shaver, Inc. (hereafter referred to as “ O’Hara ”) obtained judgments against Empire in the approximate sum of $10,000 and thereafter on September 14, 1969, served the restraining order on a debtor of Empire, the Town of Salina, to obtain payment of said judgments. (CPLR 5222, subd. [b].)
A hearing was held to determine the respective rights of the parties in the moneys due defendant, Empire, from the Town of Salina.
The question raised by the arguments of counsel requires determination as to the relative priority of a perfected security interest in accounts receivable as against a subsequently perfected judicial lien with respect to the same collateral.
The plaintiff, O’Hara, contends that the security interest of Crompton was invalid by reason of the failure to assign the specific account in question, as required by the security agreement between Crompton and Empire.
The financing statement required by the Uniform Commercial Code and filed by Crompton in the office of the Onondaga County Clerk, reads as follows: “ A continuing security interest in all accounts receivable, notes and other choses in action now existing or hereafter arising together with all merchandise returns thereon; together with the proceeds thereof of whatever kind and nature. All inventories of debtor now existing or hereafter acquired including raw, work in process and finished goods. ’ ’
Crompton points out that the first paragraph of the subject agreement expresses the following: “1. As security for all such loans and advances (both referred to as “Advances”), the undersigned hereby agrees to sell, sign, transfer, set over, hypothecate and pledge to you at your office in New York City, with absolute recourse to us, and grants you a security interest in all Receivables now or hereafter owned by us.” (Emphasis added.)
I find from an examination of the agreement that there was no absolute requirement of a specific assignment of accounts receivable as a condition precedent to the coming into existence of an effective security interest. While the agreement referred to periodic assignments of receivables, it was for the convenience and at the discretion of Crompton as 'an accounting control and *49 in keeping with the arrangement for a continuing security interest.
Under paragraph 6 of the security agreement, Empire agreed as follows6. * * * We shall perform all steps requested by you to create and maintain in your favor valid security interests in and valid first assignments of and/or liens on all Receivables and all other security held by or for you and shall also furnish you at reasonable intervals with statements showing our financial condition and the results of our operations.”
In this proceeding, Crompton seeks to vacate the restraining notice, claiming that the agreement entered into between Crompton and Empire was a continuing credit arrangement from the date of its inception in February, 1965, in the form of an assignment by Empire to Crompton of all its accounts receivable.
Generally speaking, a security interest is perfected when it has attached (i.e., come into existence between the parties, as required by section 9-204 of the Uniform Commercial Code) and when the additional step of filing a financing statement has been completed, as required by section 9-302 of the Uniform Commerical Code. After a hearing before this court and upon all the moving papers and exhibits, I find the security interest of Crompton clearly meets these requirements.
It is now well settled law that under sections 9-108 and 9-204 the secured party has a continuing security interest in the present and future inventory of his debtor and that his lien prevails over a subsequent judgment creditor who levied prior to the secured party taking possession of the collateral. (See Matter of Iselin & Co. v. Burgess & Leigh, 52 Misc 2d 821.)
A comprehensive analysis of current litigation relating to article 9 of the Uniform Commercial Code was published in 34 Albany Law Review 277 entitled 1 ‘ The Floating Lien under Sections 9-108 and 9-204: A Case Analysis ’’.
Pertinent to the present case, this article concludes at page 290: ‘ ‘ First, a security interest in present or future merchandise inventory or accounts receivable is deemed to be a security interest in a single asset; the transfer of new accounts or new inventory, and the collections upon the same, are not transfers on account of a past indebtedness but are for present consideration; the transfer of the accounts and inventory are deemed to take place when the financing statement is filed. In other words, the transaction is viewed as one continuous transaction rather than individual and separate incidences in the course of the relationship between the secured creditor and the debtor.”
It is further stated, at page 292: ‘ ‘ The purpose of the Code is notice filing. Creditors and subsequent lienors had notice *50 of the security interests from on and after the filing* of the first loan.” (See, also, Matter of Portland Newspaper Pub. Co., 271 F. Supp. 395, affd. as Dubay v. Williams, 417 F. 2d 1277.)
Accordingly, I find that Crompton has a prior security interest over the perfected judgment lien of O’Hara.
The motion to vacate the restraining notice served upon the Town of Salina is, therefore, granted.