Daniel E. Fitzpatrick, J.
This is an application to direct the assignee for the benefit of creditors of Pasco Sales Co., Inc. to turn over and deliver to petitioner, Hempstead Bank (hereinafter Bank), the sum of1 $11,186.62. This sum represents the extent of the Bank’s security interest in the assignor’s inventory.
On February 26, 1970 the Bank entered into an inventory loan agreement with Pacific Supply Co., Division of P. S. C. Products Corp. (hereinafter Pacific Supply), which provided that the Bank ‘ ‘ will from time to time lend to the Borrower an amount or amounts up to 35% of the aggregate value * * * of such of the Borrower’s inventory as is assigned to and accepted by the Bank as security for such loan or loans.” As security for the payment of all present or future indebtedness, Pacific Supply granted the Bank a security interest in all of its inventory, whether presently owned and existing or thereafter acquired. The agreement further provided that upon default or breach by Pacific Supply, all unpaid loans will become due on demand and the Bank shall have the right to sell the collateral at public or private sale. Pursuant to the terms of the agreement the Bank advanced the sum of $11,186.62, which is now due and owing.
The security interest created by the inventory loan agreement was perfected by due filing, on March 2, 1970, of financing statements with the Secretary of State and the City Register of Queens County pursuant to the Uniform Commercial Code. On April 14,1971, the borrower, Pacific Supply, changed its name to Pasco Sales Co., Inc. by filing with the Secretary of State a certificate of amendment to its certificate of incorporation. On November 12, 1973 Pasco Sales Co., Inc. filed an assignment for the benefit of creditors.
The attorneys for the Bank and the assignee subsequently entered into a stipulation, dated December 7, 1973, whereby *726 they agreed that the assignee would sell at public auction the inventory of Pasco Sales Co., Inc. in which the Bank claimed a security interest, the proceeds to be held in escrow pending a determination of the validity of the Bank’s security interest. In opposing this application for the turnover of the proceeds, the assignee contends that since the assignor’s name was changed to Pasco Sales Co., Inc. and no new financing statement was filed under that name, the financing statements filed under the name of Pacific Supply were not effective to perfect a security interest in the inventory.
The question of whether a change in the name of the debtor affects the perfection of a security interest filed under the former name is apparently ope of first impression in this State. A security interest is perfected by the filing of financing statements in accordance with sections 9-401, 9-402 and 9-403 of the Uniform Commercial Code. Under some circumstances a secured creditor may thereafter lose his perfected status. (For example, see Uniform Commercial Code, § 9-403: lapse after maturity date or on expiration of five-year period; Uniform Commercial Code, § 94:03: release of collateral; Uniform Commercial Code, § 9-103: property moved from one State to another.) Article 9 of the code does not contain any provision, however, which alters the perfected status of a secured party because the financing statement was filed under the debtor’s former name.
A proposed amendment to the official text of section 9-402, which deals with the formal requisites of financing statements, provides: “ [W]here the debtor so changes his name or in the case of an organization its name, identity or corporate structure that a filed financing statement becomes seriously misleading, the filing is not effective to perfect a security interest in collateral acquired by the debtor more than four months after the change, unless a new appropriate financing statement is filed before the expiration of that time.” (Uniform Commercial Code, § 9-402, subd. [7] [1972 amdt.].)
In States like New York which have not adopted the amended section of the code “ the change of name does not affect the perfection of the filing made under the former name and consequently no filing is necessary because of the change of name.” (4 Anderson, Uniform Commercial Code, § 9-402:17.) This is so regardless of whether the secured party had knowledge of the change of name. (Matter of GAC, 11 U. C. C. Rep. Serv. 412 [U. S. Dist. Ct., W. D. Mich., 1972].) Assignee’s contention that discovery proceedings are .necessary to ascertain the *727 knowledge of the Bank on this issue is, therefore, without merit. The facts necessary to establish the Bank’s rights are a matter of public record and have been submitted to the court on this application. (Cf. Matter of Iselin & Co. v. Burgess & Leigh, 52 Misc 2d 821, 824.)
Although the purpose of the filing provisions of the code is to afford protection to a creditor by furnishing notice to interested inquiring parties, these provisions are intended merely as “ a starting point for investigation which will result in fair warning concerning the transaction contemplated” (emphasis added). (Beneficial Finance Co. of N. Y. v. Kurland Cadillac-Oldsmobile, 32 A D 2d 643, 645.) It was not intended, therefore, that interested parties be completely absolved from any inquiry as to the past history of the debtor. (See, e.g., Uniform Commercial Code, § 9-401, suibd. [3].) To inquire of any change of name, especially where the filed certificate of incorporation has been amended to effect such a change, imposes no greater burden than is already contemplated under the code.
The Bank, therefore, holds a perfected security interest in the proceeds of the sale of the assignor’s inventory which is superior to that of the assignee as a lien creditor. (Uniform Commercial Code, § 9-301, subd. [3]; Matter of Marta Coop., 74 Misc 2d 612; Matter of Iselin & Co. v. Burgess & Leigh, supra; General Motors Acceptance Corp. v. Stotsky, 60 Misc 2d 451.) Accordingly, the application is granted and the assignee is directed to turn over to the Bank the sum of $11,186.62 held in escrow by its attorneys pursuant to the stipulation dated December 7, 1973.