In the Matter of SERRINS AUTOMO-
TIVE WAREHOUSE, INC., Debtor.

AC–DELCO DIVISION OF GENERAL
MOTORS CORPORATION, Plaintiff,

v.

SERRINS AUTOMOTIVE WAREHOUSE,
INC., Debtor and Debtor-In-Possession,
and Pennsylvania Bank and Trust Com-
pany, A Corporation, Defendants.

Bankruptcy No. 79–65 Erie.

United States Bankruptcy Court,
W. D. Pennsylvania.

Aug. 5, 1980.

Spencer D. Hirshberg and Hillard Kreim-
er, Pittsburgh, Pa., for plaintiff.

Marvin A. Sicherman, Cleveland, Ohio,
for debtor.

Gus J. Bahas, Cleveland, Ohio, for Credi-
tors' Committee.

MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION FOR PAR-
TIAL SUMMARY JUDGMENT

WILLIAM B. WASHABAUGH, Jr.,
Bankruptcy Judge:

The plaintiff, AC–Delco Division of Gen-
eral Motors Corporation, has filed a Motion
for Partial Summary Judgment in the sum
of $71,591.81 representing the portion of the
proceeds of sale of inventory of the Debtor-
in-Possession for $740,753.36 which were de-
rived from assets purchased from and pack-
aged by or bearing the trade-mark of Gen-
eral Motors Corporation and subject to the
alleged lien of its purchase money security
interest created by an agreement between
said plaintiff and a partnership known as
Serrins Automotive Warehouse dated Janu-
ary 23, 1976. The members of the partner-
ship incorporated the business April 1, 1976
under the name of Serrins Automotive
Warehouse, Inc., the Debtor-in-Possession
which filed the within proceeding for an
Arrangement March 12, 1979 under Chapter
XI of the Bankruptcy Act then in effect.
The corporation assumed the liabilities and
obligations of the partnership and the ques-
tion involved is whether a perfected pur-
chase money security interest in assets de-
scribed in both the agreement and the ac-
companying financing statement as "auto-

motive and industrial parts, accessories, equipment, supplies and material now owned or hereafter acquired bearing or contained in packages that bear any trademark of General Motors Corporation and proceeds thereof" extends to and covers the proceeds of sale of inventory and supplies the corporation purchased from the plaintiff after taking over the business.

The members of the partnership that entered into the agreement with the plaintiff January 23, 1976 were Isaac Serrins, who owned a 50% interest in the firm, and Ruth and Paul Serrins, surviving wife and son of Isaac's brother, David Serrins, deceased, whose interests were 25% each. Paul J. Serrins purchased the interest of Isaac Serrins February 27, 1976 thereby becoming the owner of a 75% interest prior to the incorporation of the enterprise April 1, 1976, and thereafter became the sole stockholder of the debtor-corporation by purchasing Ruth's shares of stock in February of 1979 before the filing of the Chapter XI proceeding March 12, 1979. The assets of the debtor were sold in private sale proceedings confirmed April 10, 1979 free and divested of the plaintiff's alleged lien if and to the extent it should be determined to be valid thereagainst and it is found from the stipulations of counsel and uncontroverted averments in the pleadings that all of the sold assets acquired from AC-Delco were purchased by the debtor after the date of its incorporation April 1, 1976; that any of the sold inventory that was initially owned by the partnership was so infinitesimally small the parties declined to place a value thereon.

█ That a security interest continues in collateral notwithstanding the sale, transfer or other disposition thereof by the debtor is expressly provided in § 9306(b) of the Pennsylvania Uniform Commercial Code, 13 Pa.C.S.A. 9306(b), and was held in *Moister v. National Bank of Georgia*, 1 B.R. 324, 27 UCC Rep. 1217 (Bkrtcy., N.D.Ga.1979). It is immaterial under § 9204(a) insofar as the attachment of a security interest is concerned in which order the agreement is made, value is given or the debtor acquires rights in the collateral. Security interests in after-acquired property are authorized in § 9204(c), and it is provided in § 9108 that such security interests in after-acquired collateral shall be deemed to be taken for new value (the equivalent of stating they are perfected as of the original filing date) when the debtor acquires rights in them in the ordinary course of its business.

█ It is uniformly held that security interests perfected against inventory and accounts receivable, replacements thereof, future acquisitions and the proceeds of their sale continue in effect against acquisitions and purchases of a successor entity or transferee as well as the original debtor on the principle that a debtor cannot destroy the perfected security interest of a secured party by transferring title to the collateral or changing its name or corporate structure and the validity of the lien against subsequently acquired assets as well as those presently owned is effective thereagainst as of its original date: *Fliegel v. Associates Capital Co. of Delaware, Inc.*, 272 Or. 434, 537 P.2d 1144, 17 UCC Rep. 850 (1975) in which as in the case at bar the names of the original and successor entities were substantially identical and the protective filing in relation thereto was susceptible of being found by a searcher of the records, *Inter Mountain Associates of Credit Men v. The Villager, Inc.*, 527 P.2d 664, 16 UCC Rep. 217 (Utah 1974), involving purchase money security interests in existing as well as subsequently acquired inventory, and *Georgia-Pacific Corp. v. Lumber Products Co.*, 590 P.2d 661, 25 UCC Rep. 1475 (Okl.1979) in which the principle was followed even though the after-acquired inventory was not specifically mentioned in the security agreement, the Court holding that the future acquisitions were impliedly included in the term "all inventory" because of the changing nature of this asset through sale and replacement.

Additionally, the Sixth Circuit Court of Appeals in *In re KittyHawk Television Corporation*, 516 F.2d 24 (6th Cir. 1975) held that the incorporation of part of a business under a similar name to that of the original

**720**

company was substantially a change of name proceeding rather than a transfer to a new entity and newly acquired radio parts of the subsidiary corporation were subject to a security interest perfected against the parent, and the Bankruptcy Court for the Eastern District of Pennsylvania has held that no new filing of a security interest is required to bind assets acquired after a change of name even though the creditor had knowledge of the change: *In re Grape Arbor, Inc.,* 6 UCC Rep. 632 (ED Pa.1979).*

Counsel have cited an unreported opinion in *In the Matter of Cubic Storage, Inc.,* dated January 25, 1979 in which a partnership was incorporated under a different name and the officers of the secured creditor procured the execution of an assumption agreement without making a new filing or having its lien indexed under said totally dissimilar corporate name. The security interest was not a purchase money security interest against identifiable assets acquired by purchase from the same manufacturer as in the case at bar and the Court reached the opposite conclusion to the one here arrived at, but approved a compromise which improved the creditors' position after the filing of a petition for rehearing before the decision became final on expiration of the time for appeal. Treating the plaintiff's Motion for Summary Judgment as a Motion for Payment of a secured claim, It is Ordered that said claim be, and it hereby is, allowed as a secured claim against the proceeds of sale and that the escrow agent pay the same after approval of the amount due thereon on the filing of an appropriate motion for liquidation thereof.

* Pennsylvania declined to pass a proposed amendment to the Uniform Commercial Code to require the refiling of security agreements to keep them in effect after an entity changes its name as did New York, Michigan and other states in which it is uniformly held that the refusal of the legislature to adopt such amendment results in a reaffirmation of the existing law to the effect that the security interest continues after the name change goes into effect: *In re Pasco Sales, Inc.,* 77 Misc.2d 724, 354 N.Y.S.2d 402, 14 UCC Rep. 1059 (1974); *In re Gac,* 11 UCC 412 (WD Mich.1972); *Continental Oil Co. v. Citizen Trust and Savings Bank,* 57 Mich.App. 1, 225 N.W.2d 209, 16 UCC 540, affirmed on appeal at 19 UCC Rep. 1234, (1974); *In re Sofa Centre, Inc.,* 18 UCC Rep. 537 (MD Fla.1975).