**In re ICON INDUSTRIES, INC., Debtor.**

**The OFFICIAL CREDITOR'S COMMIT-
TEE OF ICON INDUSTRIES, INC.,
Debtor, Plaintiff,**

v.

**SECURITY TRUST COMPANY OF
ROCHESTER, Defendant.**

Bankruptcy Nos. 80–20686, 80–2187A.

United States Bankruptcy Court,
W. D. New York.

April 21, 1981.

Harris, Beach, Wilcox, Rubin & Levey by Jeffrey Baker, Rochester, N.Y., for defendant.

Lacy, Katzen, Ryen & Mittleman by David MacKnight, Rochester, N.Y., for plaintiff.

MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

An adversary proceeding has been commenced by the filing of a complaint in which the creditor's committee is seeking to have Security Trust Company of Rochester ruled an unsecured creditor and to have certain monies which have been turned over to them as a secured creditor returned to the debtor or to be held in escrow by the creditor's committee to fund a plan. The facts have been stipulated and memorandums submitted by both parties.

The facts briefly are these. In July of 1971, the debtor was incorporated under the name of G.J. Stone Distributors, Inc. known hereafter as "Stone". In December of 1975, Security Trust Company loaned Stone some money and Stone executed security agreements granting the Security Trust Company a security interest in the debtor's accounts and inventory, ·after acquired accounts and inventory and the proceeds thereof. Financing statements perfecting Security Trust Company's interest in the debtor's accounts and inventory were filed in the Monroe County Clerk's Office and with the New York Secretary of State during the month of January, 1976. Then in February of 1977, Security Trust Company again loaned money to Stone and a security instrument granting defendant a security interest in the debtor's equipment was given. Financing statements and a MV–901, perfecting Security Trust Company's security interest in the debtor's equipment, were filed with the New York Secretary of State,

Department of Motor Vehicles and Monroe County Clerk's Office in February of 1977. In December of 1977, the shareholders and board of directors of Stone authorized a change of Stone's name to Icon Industries, Inc. referred to hereafter as "Icon". The change of name was filed with the office of the New York Secretary of State on December 16, 1977. Security Trust Company was notified of the corporate name change on or about March 16, 1978.

Section 9 of the New York Uniform Commercial Code and specifically § 9–402(7) became effective on July 2, 1978. On May 1, 1980, Icon executed a consolidation note in favor of Security Trust Company. The debtor has been continually indebted to Security Trust Company in various amounts since December of 1975. During that period of time, the debtor, with the one exception, executed no new security agreements in favor of Security Trust Company of Rochester, although each indebtedness was evidenced by a note in favor of the plaintiff and, parenthetically, no new security instruments were filed after February of 1977.

Section 9–402(7) of the Uniform Commercial Code reads as follows:

A financing statement sufficiently shows the name of the debtor if it gives the individual, partnership or corporate name of the debtor, whether or not it adds other trade names or the names of partners. Where the debtor so changes his name or in the case of an organization its name, identity or corporate structure that a filed financing statement becomes seriously misleading, the filing is not effective to perfect a security interest in collateral acquired by the debtor more than four months after the change, unless a new appropriate financing statement is filed before the expiration of that time. A filed financing statement remains effective with respect to collateral transferred by the debtor even though the secured party knows of or consents to the transfer.

The amendment to § 9–402 of the Uniform Commercial Code known as Uniform Commercial Code § 9–402(7) did not become effective until July of 1978, even though it was passed in 1977. There are indications that a similar law was submitted in 1972 and was not passed by the legislature. In any event, in the case at bar, all the security instruments were executed prior to July 2, 1978 when the law came into effect. In fact, all of the security instruments which were filed were executed prior to the change of name from Stone to Icon and prior to March 16, 1978 when Security Trust Company first became aware of the name change.

The cases which have held the secured party unsecured because of failing to note the change of name are similar to *In re Kalamazoo Steel Process, Inc.*, 503 F.2d 1218 (6th Cir. 1974) in which at the time of loaning the money, the secured party knew the name change would go into effect shortly after the filing. Prior to the passage of U.C.C. § 9–402(7), cases like *In re Pasco Sales Co., Inc.*, 77 Misc.2d 724, 354 N.Y.S.2d 402 (Sup.Ct., Queens Co.1974) set out the law in the State of New York. In that case, the Supreme Court at page 726 said:

"the change of name does not affect the perfection of the filing made under the former name and consequently no filing is necessary because of the change of name." (4 Anderson, Uniform Commercial Code, § 9–402:17.) This is so regardless of whether the secured party had knowledge of the change of name. (Matter of GAC, 11 U.C.C.Rep.Serv. 412 [U.S. Dist.Ct., W.D.Mich., 1972].)

*In re Taylorville Eisner Agency, Inc.*, 445 F.Supp. 665 (1977) is an Illinois case which is directly in point with the case at bar. In *Taylorville Eisner*, supra, the debtors changed the name of their company after borrowing from the secured party and just prior to the enactment of a Code section which reads exactly the same as New York State's UCC § 9–402(7) and in *Taylorville Eisner*, a financing statement was filed under the previous name and the secured party knew of the name change. In *Taylorville Eisner*, the District Court, reversing the Bankruptcy Court, held on analyzing

the third sentence of subsection 7 said that a filed statement remains effective with respect to collateral transferred by the debtor, even to a trustee in Bankruptcy. The Court at page 669 stated its reasoning as follows:

> The third sentence transfer situation is somewhat different. In the present case the transferee corporation clearly knew from the note and security agreement of the transferor debtor that the collateral, including after-acquired inventory and merchandise, was subject to a perfected security interest. The third sentence of subsection 7 is clear that the filed statement remains effective with respect to collateral transferred by the debtor regardless of the knowledge or consent of the secured party. This also means collateral which is after-acquired property. Prospective creditors of the transferor have a duty to inquire as to the source of title if circumstances dictate. For a discussion of this rule and some of the mitigating factors against its apparent harshness, see Coogan, *The New UCC Article 9*, 86 Harv.L.Rev. 477, 526–27 (1973). In the instant case had any creditors checked the corporation's source of title they could have easily discovered the assumption of the notes which were in the individuals' names and by running a check on those names found the filed financing statements. This information appears to be more easily accessible to prospective creditors of the transferee than the secured party of the transferor debtor. The transferee or prospective creditor could expect to receive only what the transferor debtor had, that is, the right to the equipment, fixtures, inventory and future inventory subject to the security interest of the secured party.

Based on the foregoing reasoning, it is therefore held that Security Trust Company is secured to the extent of the security instruments which they have filed and it is so ordered.