OPINION OF THE COURT
Lawrence E. Kahn, J.
Plaintiff seeks an order pursuant to CPLR article 63 and section 9-503 of the Uniform Commercial Code, restraining the defendant, Ace Transmission Center, Inc. (Ace), from disposing of certain collateral heretofore sold by plaintiff to it, and requiring Ace to permit replevin of said collateral. Chase Manhattan Bank, N. A. (Chase) has been permitted to intervene in this action in opposition to plaintiff’s request for relief.
Plaintiff, in its order to show cause, frames its request in terms of injunctive relief pursuant to CPLR article 63. However, rather than injunctive relief, its remedy is an order of seizure (CPLR 7102) and entitlement to the remedies provided by their security agreement and section 9-503 of the Uniform Commercial Code (General Elec. Credit *311 Corp. v Marcella’s Appliances Sales & Servs., 66 AD2d 927).
Plaintiff is a corporation duly organized under the laws of this State and sells at wholesale, automotive parts and supplies. It has admittedly sold to Ace, a quantity of Monroe shock absorbers and EIS brake parts and linings. Plaintiff asserts that a valid security agreement was executed by William J. Roemer, president, on behalf of Roemer and Zeller and by John McCall as vice-president of Ace. Said agreement, on its face, and pursuant to the uncontradicted affidavits of the signatories, was executed on March 25,1982. A UCC-1 statement and the agreement were duly filed with the Department of State on March 30, 1982. The security agreement relied upon by plaintiff, is validly executed, filed and perfected. Further, plaintiff has submitted to this court defendant’s corporate resolution which establishes that John McCall was duly employed as a vice-president of the defendant corporation and had authority to transact business on its behalf. Nothing has been put forth which would successfully challenge this fact.
Ace is admittedly in default in payment of the sums due plaintiff, but resists the instant request for replevin upon the unfounded assertion that plaintiff is an unsecured creditor in that the security interest is invalid. Intervenor (Chase) opposes the request for relief upon the allegation that a granting thereof will prejudice its rights and interests in and to the property to which it claims a security interest prior to that of plaintiff. In this regard, on April 12, 1978, Ace executed and delivered an agreement to Chase which created a security interest in all of its inventory. This interest was perfected by the proper filing of a UCC-1 financing statement, and includes in pertinent part, all inventory of Ace owned at the time of the creation of the security interest or inventory thereafter acquired by it. Such a security interest is recognized as valid pursuant to the laws of this State. Chase asserts that, due to its superior security interest, plaintiff must be restrained from seizing the subject collateral.
While plaintiff does have a perfected security interest, it is subordinate to that of Chase. Subdivision (3) of section 9- *312 312 of the Uniform Commercial Code afforded plaintiff a mechanism whereby it could have obtained a perfected interest superior to that of Chase. However, plaintiff failed to avail itself of this option and thus is subordinate to the interests of Chase.
Plaintiff argues that it may replevy and sell the disputed inventory in the absence of a similar move by Chase. It likens the instant situation to a mortgage foreclosure proceeding where a second mortgage may be foreclosed upon a default without regard to whether the first mortgage is in default. This argument is faulty however, in that the right to so act is specifically authorized by statute (RPAPL 1315). No such statutory right is found in the Uniform Commercial Code. Indeed, section 9-504 of the Uniform Commercial Code sets forth a secured party’s right to dispose of collateral after default. In setting forth priority of disposition, the language of the statute does not even contemplate the situation where a party with a subordinate security interest can dispose of the collateral over the objections of a creditor with a prior security interest.
The motion for an order pursuant to CPLR article 63 and section 9-503 of the Uniform Commercial Code restraining defendant from disposing of any of the subject collateral by any method and requiring the defendant to permit replevin of the collateral shall be denied.