OPINION OF THE COURT
Lawrence E. Kahn, J.
Plaintiff seeks to reargue a prior decision of this court dated June 3, 1982 (114 Misc 2d 310). The litigation seeks monetary damages from defendant, Ace Transmission Center, Inc. (Ace), for merchandise sold and delivered by plaintiff.
In its prior decision, the court found that plaintiff had a validly executed, filed and perfected security agreement for a quantity of Monroe shock absorbers and EIS brake parts and linings which were sold to Ace. The court also found that intervenor, Chase Manhattan Bank, N. A. (Chase), had a perfected security interest in Ace’s inventory, and further, that plaintiff’s security interest was subordinate to that of Chase. Plaintiff sought an order authorizing it to seize the inventory in order to effectuate a sale of same. Chase objected thereto, claiming that such a forced sale would not be in its best interest, and that plaintiff was bound thereby. Thereafter, the court held *416 that, in the absence of approval by Chase, plaintiff could not replevy and sell the disputed inventory.
“A Judge on reargument need not have new material facts presented in order to grant leave to reargue. Such a request is addressed to the Judge who decided the prior motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some reason mistakenly arrived at its decision”. (Delcrete Corp. v Kling, 67 AD2d 1099, 1099-1100.) Upon a reconsideration of the rationale for the court’s prior decision, and a review of related cases, the court herewith grants plaintiff’s request for a replevin of the disputed inventory. .
Section 9-311 of the Uniform Commercial Code establishes that the debtor retains title to and an interest in the collateral. These rights may be involuntarily transferred. Thus, there is no absolute statutory protection afforded defendant with respect to retention of title to the shock absorbers and brake parts.
While a review of prior case law has not revealed any determination precisely on point, analogous issues have been litigated. Several reported cases have resolved the issues of priority between judgment creditors and secured parties after the seizure of a debtor’s property. (General Motors Acceptance Corp. v Stotsky, 60 Misc 2d 451; Matter of New York Creditmen’s Adj. Bur. [Pasco Sales Co.], 77 Misc 2d 724; O’Hara & Shaver v Empire Bituminous Prods., 67 Misc 2d 47.) In these and similar cases, disputes have arisen concerning the priority of various secured parties. However, even after a determination of respective priorities, there is no indication that any particular creditor may unilaterally prevent seizure of a debtor’s assets solely as an incident of the status of preferred party. Indeed, in the case of Matter of Iselin & Co. v Burgess & Leigh (52 Misc 2d 821), judgment creditors alleged that there was an agreement between the secured party to refrain from declaring the debtor in default “even though it was unable to pay its indebtedness, so that the Debtor might continue to operate and thereby liquidate its inventory”. (52 Misc 2d, at p 824.) Therein, the court found that the respondents had failed to create an issue of fact with respect to this allegation. However, in determining that *417 respondents had failed to meet their burden of proof, the court implicitly recognized the underlying legal principle prohibiting such conduct. It is that very conduct which is sought to be clothed with judicial approval in the case at bar.
As the prior decision of this court so held, defendant is in default of payment of its obligations to plaintiff. Thus, whether it is as a judgment creditor, or as a secured party, plaintiff has the right to replevy the collateral held by defendant. In the absence of action by interveners, plaintiffs may assume this right. Of course, intervenor’s lien will still have priority over plaintiff’s with regard to the proceeds of any sale of the repossessed collateral.
For the reasons hereinabove set forth, plaintiff’s motion to reargue shall be granted, and upon the granting of same, the court’s prior decision of June 3, 1982 shall be vacated. The defendant shall permit replevin of the secured inventory, with said replevin to be for the purposes of sale as provided for by the applicable provisions of the Uniform Commercial Code.