**In re BDP INVESTMENT GROUP, INC., Debtor.**

**MRAC, INC., Plaintiff,**

**v.**

**LaSALLE NATIONAL BANK, Defendant.**

**Bankruptcy No. 92–61293–S.**
**Adv. No. 92–6091–S.**

United States Bankruptcy Court, W.D. Missouri.

April 20, 1993.

William H. McDonald and Stuart H. King, Woolsey, Fisher, Whiteaker & McDonald, Springfield, MO, for plaintiff.

Peter D. Kerth, Gallop, Johnson & Neuman, St. Louis, MO, for defendant.

### MEMORANDUM OPINION AND ORDER

KAREN M. SEE, Bankruptcy Judge.

Plaintiff MRAC, Inc. filed a motion for partial summary judgment, along with briefs and an affidavit in support, seeking a determination that LaSalle National Bank's security interest in fixtures is not perfected. LaSalle failed to file a response but did present oral argument opposing the motion. The court has jurisdiction over this matter and may enter final orders in this core proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b)(2)(K).

After review of the file and MRAC's briefs and affidavit, pursuant to FRCP 56 the court finds that as to Count I of the complaint there is no genuine issue as to any material fact and that as a matter of law MRAC is entitled to summary judgment. MRAC has a perfected security interest in debtor's fixtures with priority over any interest claimed by LaSalle. LaSalle does not have a valid security interest in the fixtures.

## FACTS

The parties stipulated to the facts. MRAC was formerly known as Solid State Circuits, Inc. Solid State Circuits, Inc., the record owner of real property in Springfield, Missouri, sold the property to BDP Investment Group, Inc., the debtor herein. On the closing date, BDP became the record owner of the property and executed a deed of trust on the real estate to MRAC, the seller. The deed of trust granted MRAC a security interest in fixtures.

Two days before the closing date, and thus two days before BDP became record owner of the property, LaSalle National Bank pre-filed a UCC–1 financing statement listing BDP as debtor and AT & T Paradyne Corporation as the record owner of the real estate. The name of the record owner in LaSalle's pre-filed financing statement was incorrect. The record owner before closing was Solid State Circuits, Inc. and after closing was BDP. AT & T Paradyne Corporation has never been the record owner of the real property.

## DISCUSSION

It is undisputed that MRAC has a security interest in BDP's fixtures pursuant to a deed of trust on the real estate. The only disputes are whether LaSalle has a valid security interest and if so, whether it is prior to MRAC's interest.

LaSalle claims it has a security interest in fixtures with priority over MRAC's because it pre-filed its UCC–1 financing statement two days before BDP became record owner and granted MRAC a security interest. LaSalle contends that even though the name of the record owner was incorrect at the time the UCC–1 was pre-filed, the financing statement subsequently became effective and established a first lien, prior to MRAC's interest, on the closing date at the moment BDP became record owner.

For an effective fixture filing under Missouri's version of the Uniform Commercial Code, "[i]f the debtor does not have an interest of record in the real estate, the financing statement must show the name of a record owner." Mo.Rev.Stat. § 400.9–402(5).

LaSalle asserts that despite its failure to comply with Mo.Rev.Stat. § 400.9–402(5), and its listing of the wrong record owner on the pre-filed UCC–1 statement, it may still be perfected because (1) BDP, which was listed as debtor, later became record owner, so the incorrect listing of AT & T Paradyne as record owner was superfluous, and (2) LaSalle is not required to remain alert to parties' name changes after it has filed its financing statement. LaSalle asserts another section of the statute, § 400.9–402(7), requires the secured party to refile only when the debtor changes its name in such a way that the old documents become "seriously misleading." *See Drysdale v. Cornerstone Bank*, 562 S.W.2d 182, 184[2] (Mo.App.1978); *In re Pasco Sales Co.*, 77 Misc.2d 724, 354 N.Y.S.2d 402 (N.Y.Sup.1974) (1962 U.C.C.). *In re Waters*, 90 B.R. 946, 959–60[8] (Bankr. N.D.Iowa 1988) (Iowa U.C.C.); *In re Tyler*, 23 B.R. 806 (Bankr.S.D.Fla.1982), *reh'g denied* (1982) (Ohio U.C.C.).

Mo.Rev.Stat. 9–402(7) applies only to the debtor's name, and there is no "seriously misleading" provision for the record owner's name under § 9–402(5). However, even assuming a "seriously misleading" standard for the record owner's name, LaSalle's reasoning remains unsound because the listing of AT & T Paradyne Corporation as record owner was originally incorrect and seriously misleading and after the closing date remained incorrect and seriously misleading. LaSalle never listed the correct record owner before or after the closing date, and after the closing date, the incorrect listing of a record owner other

**48**

than the debtor was not merely superfluous information.

It is undisputed that MRAC is properly perfected in the fixtures by reason of a security interest granted in the deed of trust. Since LaSalle does not have a valid security interest, MRAC's security interest has priority.

Accordingly, it is hereby **ORDERED** that MRAC's motion for partial summary judgment is granted, and judgment is entered on Count I as follows:

1. MRAC, Inc. has a valid, duly perfected security interest in debtor's fixtures; and

2. LaSalle National Bank does not have a valid security interest in debtor's fixtures.