■ BOARD OF MANAGERS OF THE HORIZON CONDOMINIUM, Plaintiff, v GLICK DEVELOPMENT AFFILIATES et al., Defendants, CHASE MANHATTAN BANK, N. A., Respondent, and JK&E PARTNERSHIP, Appellant. [714 NYS2d 68] —Order, Supreme Court, New York County (Alfred Toker, J.H.O.), entered May 5, 1999, which, in an interpleader action, directed that the funds at issue be paid to defendant-respondent The Chase Manhattan Bank, N. A., unanimously affirmed, with costs.

Supreme Court correctly determined that the real estate tax refund received by Glick Development Affiliates constituted "Mortgaged Property" under the express definition of that term provided by the mortgages securing the notes held by defendant-respondent Chase, notwithstanding that such refund

was received after Chase obtained a judgment of foreclosure and sale solely as to the real property securing Glick's debt. Since a secured party is entitled to enforce its rights as to real property collateral and personal property collateral in separate proceedings (UCC 9-501 [4]; *see, Kramer v Exchange Natl. Bank*, 118 Ill 2d 277, 284-285, 515 NE2d 57, 61 [1987]), the foreclosure judgment as to the real property did not extinguish Chase's security interest in personal property, such as the refund, arising from the mortgages. The refund, when received, was therefore subject to Chase's security interest and available to satisfy Chase's deficiency judgment against Glick based on the non-recourse notes, the rights of defendant-appellant JK&E as an unsecured judgment-creditor of Glick being inferior to Chase's security interest perfected prior to entry of JK&E's judgment. JK&E's argument that an agreement between Chase and Glick waived Chase's right to enforce any deficiency judgment against Glick is unsupported by the plain terms of that agreement. The foregoing renders it unnecessary for us to reach Chase's alternative argument in favor of affirmance. Concur—Rosenberger, J. P., Williams, Wallach, Saxe and Buckley, JJ.