■ BLUE HERON CONSTRUCTION, LLC, Respondent, v FIBERGLASS STRUCTURES & TANK CO., INC., Doing Business as FST, et al., Respondents, and HOWARD ROBSON, INC., Appellant, et al., Defendant. [852 NYS2d 899]—

Memorandum: Plaintiff commenced this interpleader action seeking a determination of the rights of defendants with respect to funds being held by plaintiff as payment for the work of defendant Fiberglass Structures & Tank Co., Inc., doing business as FST (FST), on a public improvement project. Plaintiff was the general contractor on the project, and it subcontracted a portion of the work to FST. Supreme Court properly granted that part of the motion of defendant First State Bank of Wyoming (Bank) seeking an award of the funds held by plaintiff. The Bank established that its security interest in FST's accounts receivable, perfected in 1994, had priority over the interest of defendant Howard Robson, Inc. (Robson) based upon a judgment obtained by Robson against FST in 2002 (*see Board of Mgrs. of Horizon Condominium v Glick Dev. Affiliates*, 276 AD2d 386 [2000], *lv denied* 97 NY2d 605 [2001]; *O'Hara & Shaver v Empire Bituminous Prods.*, 67 Misc 2d 47, 49 [1971]; *Matter of William Iselin & Co. v Burgess & Leigh,* 52 Misc 2d 821, 823 [1967]). Contrary to Robson's contentions, the Bank further established that FST was in default under the terms of the security agreement executed by the Bank and FST (*see generally Bankers Trust Co. v Dowler & Co.*, 47 NY2d 128, 134 [1979], *rearg denied* 47 NY2d 1012 [1979]), and that the Bank properly exercised its rights in the event of default under that security agreement (*see generally William Iselin & Co.*, 52 Misc 2d at 823-824). The record does not support Robson's contention that the Bank waived its rights under the security agreement and, indeed, the terms of that agreement preclude a finding of such waiver by the Bank (*see Board of Mgrs. of Horizon Condominium*, 276 AD2d 386 [2000]). The record also does not support Robson's contention that the Bank acted in a commercially unreasonable manner (*see Bankers Trust Co.*, 47 NY2d at 134-137).

Finally, "the undisputed facts and irrefutable documentary evidence" establish that the Bank's perfected security interest in FST's accounts has priority over Robson's interest as a judgment creditor, and conclusory allegations and speculation are insufficient to support the contention of Robson that further discovery is warranted (*id.* at 137; *see William Iselin & Co.*, 52 Misc 2d at 824). Present—Hurlbutt, J.P., Smith, Centra, Green and Gorski, JJ.