## In the Matter of LITTLE BRICK SHIRTHOUSE, INC., Bankrupt.
### No. 71 B 4225.

United States District Court,
N. D. Illinois, E. D.
July 19, 1972.

Asst. U. S. Atty. Matt P. Cushner, Chicago, Ill., for petitioner Small Business Administration.

Sherwin O. Simon, Simon & DeMars, Chicago, Ill., for petitioner Trustee.

## MEMORANDUM OPINION AND ORDER

McGARR, District Judge.

This case involves a petition for review of an order of the Bankruptcy Court. The issue is the validity and extent of a lien claimed by the Small Business Administration. The Referee entered his order on December 16, 1971. Both the Trustee and the Small Business Administration have filed petitions to review that order.

The facts are not in issue. On September 29, 1969, the bankrupt borrowed $25,000 from the Central National Bank in Chicago. (Central National Bank subsequently assigned its interests to the Small Business Administration.) The bankrupt then executed and delivered to the bank the note, security agreement and financing statement. The financing statement was duly recorded in the Office of the Secretary of State of Illinois. The financing statement contained the proper name and address of the bankrupt corporation at its corporate office and principal place of business. Bankrupt also operated another store which was subsequently closed, a third store which was opened subsequent to the loan and later closed, and a fourth store which was opened subsequent to the loan. Stores were operating at both the fourth location and the original locations at the time the bankruptcy petition was filed. The security agreement identified the bankrupt by name, but contained no address for the bankrupt.

Two clauses in the agreement should be noted. On page two, paragraph two, the following appears:

2. Grant of Security Interest. As security for the payment of all Liabilities, Borrower hereby assigns to the Bank, and grants to the Bank a continuing security interest in: all inventory (whether or not Eligible Inventory) . . . whether now or hereafter existing or acquired . . . and all products and proceeds of any of the foregoing.

On page four, paragraph seven, the following appears:

7. Agreement of Borrower. Borrower . . . (b) will keep, at its address shown above, all Inventory, unless the Bank shall otherwise consent in writing. . . .

These two clauses represent the heart of the problem. As stated in the stipulation of facts, there are two issues: first, whether the security agreement is defective and the security interest thereunder can be set aside for failure to include the address of Borrower, particularly where such address is provided for

in paragraph seven of the agreement as quoted above and, second, whether the failure of the bank to file a new financing statement reflecting the address of the bankrupt's subsequent additional store resulted in an unperfected lien on the inventory at that store, which lien may be set aside.

The validity of the security agreement in question is determined by Section 9-203(1) (b) of Chapter 26 of the Illinois Revised Statutes. That section only requires that the debtor has signed a written security agreement which contains a description of the collateral. The security agreement in question is written and signed by the debtor. The only issue is whether it contains a description of the collateral. Paragraph two contains the grant of the security interest. It clearly states that the interest is in all inventory, whether now or hereafter existing or acquired, and all proceeds. It would be difficult to be more specific. Had the parties wished to limit the grant of the security interest to something less than all inventory of the debtor corporation, this clause, and only this clause, should have so provided. Trustee argues that paragraph seven is somehow intended to restrict the grant of the security interest to the address in that section, and as no address is given, to defeat the agreement. This is not so. Paragraph seven is totally separate and distinct from paragraph two. Paragraph seven is not a grant of a security interest, but rather represents an unexercised power in the lender to restrict the physical location of the inventory should the lender so desire. Paragraph two is the only grant of a security interest and, if the interest is to be valid and enforceable, must contain the description of the collateral.

■■ It is not unusual to find several clauses in complex agreement of this nature, each of which contains some description of the collateral, but which are included for totally different purposes. In re Mitchell v. Shepherd Mall State Bank, 10th Cir., 1972, 458 F.2d 700. The purpose of paragraph two is to grant the security interest. It contains the description of the collateral for purposes of determining the enforceability of the interest under Section 9-203(1)(b). Paragraph seven is quite different. It has nothing to do with the description requirement of Section 9-203. Had the description in paragraph two been inadequate, it would not have been saved or expanded by a description in paragraph seven. See, In re Mitchell v. Shepherd Mall State Bank, 458 F.2d at 703. We hold that the description contained in paragraph two—all inventory—is adequate. This is especially true in light of the principle announced in the case of In re Center Auto Parts, 6 U.C.C.Rep.Serv. 398, U.S.D.C., Cal, 1968, that it is unnecessary to set forth the address where collateral is to be located, in the description of collateral, whenever it is obvious or readily inferable that the type of collateral covered would naturally be located in those places where the debtor does business. We are in agreement with this principle.

■ This brings us to a determination of the second issue—whether the failure of the bank (Small Business Administration) to file a new financing statement reflecting the address of the bankrupt's subsequent additional store resulted in an unperfected lien on the inventory at that store, which lien may be set aside. The financing statement describes the collateral as all inventory whether now owned or hereafter acquired and all proceeds. Again, we find this to be an extremely clear description. As the lien covers all inventory and after-acquired inventory, the same principles previously discussed govern this issue. Inventory in all stores is covered. The purpose of the financing statement is to put third parties on notice that a security interest may exist in certain property and that they should contact the parties to obtain the details. For this reason, Section 9-402 requires an address of the secured party and the debtor from which information concerning the security interest may be obtained. The address listed for the debtor is that of his corporate

offices and principal place of business, and was not intended and is not provided for the purpose of restricting the security interest. It is merely a mailing address at which information may be obtained. The description of the collateral must be found in Section 4 of the form. As noted above, it provides for an interest in all inventory, after-acquired and proceeds. As such, it covers all stores, and did not require amendment as store locations periodically changed.

Therefore, it is the order of this court that the order of the Referee in Bankruptcy is reversed. This court finds that the Small Business Administration has a valid and subsisting lien in all inventory located at both premises here in question. It is so ordered.