Argued April 3, modified June 14, 1973

# SAFEWAY STORES, INCORPORATED,
*Plaintiff, v.* COOS FIDELITY CORPORATION
ET AL, *Appellants.*
RICHARD KIMKER, *Respondent.*

511 P2d 345

*William M. McAllister*, Portland, argued the cause for appellant. With him on the brief were Charles F. Hinkle, Donald J. Boyd, and Davies, Biggs, Strayer, Stoel and Boley, Portland.

*Cameron C. Thom*, Coos Bay, argued the cause for respondent. With him on the brief were McInturff, Thom, Collver & Rossi, Coos Bay.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

O'CONNELL, C.J.

This is a suit in equity in which plaintiff Safeway Stores, Inc., has interpleaded defendants seeking to determine who is entitled to certain money which plaintiff owed for milk delivered to it by defendants Neill Rood and Joann Rood. Defendant Coos Fidelity Corporation appeals from that part of the decree in favor of defendant Richard Kimker, trustee in bankruptcy.

On November 12, 1970, the Security Bank of Myrtle Point acquired a security interest in certain cattle and in the products of the cattle from the Roods. This security interest was assigned to defendant Coos Fidelity Corporation in July, 1971. Defendant Neill Rood was adjudicated a bankrupt on November 3, 1971. During the four-month period prior to that bankruptcy, the Roods' cows produced milk which was sold and delivered to Safeway Stores, Inc. for which Safeway became indebted in the amount of $6,976.98. Defendant Kimker concedes that Coos Fidelity has a duly perfected security interest in that amount. It is also stipulated that Coos Fidelity had reasonable cause to believe that Rood was insolvent at the time the milk was delivered. Defendant Carnation Company makes no claim to the funds in question.

The issue on appeal is whether a security interest in after-acquired property which attached to the property within four months of bankruptcy is a preferential transfer under the Bankruptcy Act. Stated in more general terms, the issue is this: when a security interest is granted in after-acquired property, and the lender duly files a properly executed financing statement covering such property, does the transfer for purposes of the Bankruptcy Act of a security interest in property which the debtor thereafter acquires take place at the time of the filing, or does the transfer take place instead at the time the property is actually acquired by the debtor?

Although there has been a lively debate in academic circles on the question of whether a security interest in after-acquired property creates a preferential transfer as to property acquired within the

four-month period prior to bankruptcy,[1] the cases hold that a preference is not created.[2]

It is not necessary for us to involve ourselves in the complexities of the analysis employed by the proponents of the competing views because it is clear enough that the federal cases have held that no preference is created under the circumstances we have before us and since the question is controlled by federal law we have no choice in the matter.

The foundation for holding that no preference arises is Section 60a (2) of the Bankruptcy Act,[3] which provides that "a transfer of property * * * shall be deemed to have been made or suffered at the time when it became so far perfected that no subsequent lien upon such property obtainable by legal or equitable proceedings on a simple contract could become superior to the rights of the transferee."

■ Interpreting this section, it is held that a transfer is deemed to have been made, not when a security interest attaches or when state law says that a conveyance has been made, but when the transaction became "so far perfected" that priority is achieved over other creditors. As it has been explained, " 'Transfer' for the purposes of Section 60a (2) is

---

[1] Countryman, Code Security Interests in Bankruptcy, 75 Comm L J 269, 275 et seq. (1970); Hogan, Games Lawyers Play with the Bankruptcy Preference Challenge to Accounts and Inventory Financing, 53 Cornell L Q 553 (1968); Kripke, The Code and the Bankruptcy Act, 42 N Y U L Rev 284 (1967); Friedman, The Bankruptcy Preference Challenge to After-Acquired Property Clauses Under the Code, 108 U Pa L Rev 194 (1959).

[2] In re King-Porter Company, 446 F2d 722 (5th Cir 1971); DuBay v. Williams, 417 F2d 1277 (9th Cir 1969); Owen v. McKesson and Robbins Drug Company, 349 F Supp 1327 (N D Fla 1972).

[3] 11 U.S.C. § 96.

thus equated with the act by which priority over later creditors is achieved and not with the event which attaches the security interest to a specific account."[4]

■ Since in November, 1970 Security Bank acquired a security interest in the milk to be produced from Roods' cows and since this interest, later assigned to Coos Fidelity, was good as against other creditors, the transfer took place in November, 1970 and not within the four-month period preceding bankruptcy, and therefore there was no preference under the Bankruptcy Act.

The decree of the trial court is modified to provide that the amount of the disputed funds ($6,828.48) is to be paid to Coos Fidelity Corporation.

---

[4] DuBay v. Williams, *supra* n. 2 at 1287.