Argued March 3, affirmed July 3, 1975

# FLIEGEL, *Appellant, v.* ASSOCIATES CAPITAL COMPANY OF DELAWARE, INC., *Respondent.*

### 537 P2d 1144

*Ervin B. Hogan,* Medford, argued the cause and filed briefs for appellant.

*Glen H. Prohaska,* Portland, argued the cause for respondent. On the brief were Day and Prohaska, P.C.

Before McAllister, Presiding Justice, and Denecke, Holman,* Tongue, Howell, and Bryson, Justices.

McALLISTER, J.

This is an action brought by plaintiff, as trustee in bankruptcy of Clint's Appliance Sales & Service, Inc., to recover an alleged preferential transfer to defendants, Associates Capital Company of Delaware, Inc., and Associates Financial Services Co., Inc., under § 60 of the federal Bankruptcy Act (11 USCA § 96). From a judgment in favor of the defendants plaintiff appeals that portion of the judgment which awarded Associates Capital Company of Delaware

---

* Holman, J., did not participate in this decision.

priority in inventory of the bankrupt corporation valued at $5,343.36.[1]

The material facts have been stipulated by the parties. Clinton L. Webb operated as a sole proprietor an appliance sales and service business under the assumed name of Clint's Appliance Sales & Service from October 1970 to April 1971. On April 1, 1971 all of the assets of the proprietorship were transferred to a partnership composed of Webb and John Slusarenko. The partnership operated under the assumed name from April 1, 1971 to June 30, 1971.

On May 15, 1971 defendant, Associates Capital Company of Delaware, Inc., entered into a security agreement with Clinton Webb, doing business as Clint's Appliance Sales & Service, covering "all present inventory belonging to the Dealer, as well as any and all subsequently acquired inventory."

Prior to or on July 1, 1971 Clint's Appliance, Inc. was organized under the laws of this state. On July 1, 1971 all of the partnership assets were transferred to the newly-formed corporation which operated under the assumed names of Clint's Appliance Sales & Service of Medford, Clint's Appliance Sales & Service of Grants Pass and Clint's Appliance Sales & Service of Coos Bay. Webb notified defendant of this change in the legal structure of the business. On August 5, 1971 a financing statement was filed with the Secretary of State to perfect the security interest in inventory created by the earlier security agreement with Webb when the business was operating as a partnership.

The financing statement executed by Webb and a representative of defendant was filed under the name "Webb, Clinton L., DBA Clint's Appliance Sales &

---

[1] Plaintiff concedes that the lower court judgment in favor of defendant, Associates Financial Services Co., Inc., was properly entered.

Service". It is stipulated that no financing statement was filed with reference to Clint's Appliance, Inc., as debtor.

In the latter part of 1971 the corporation became insolvent. As a result, on November 15, 1971 defendant took from the possession of Clint's Appliance, Inc., inventories located at its stores in Medford, Coos Bay and Grants Pass. The wholesale value of the repossessed inventory amounted to $11,483.09. $6,139.73 of this amount represented the value of the items transferred from the partnership to the corporation, while the remainder ($5,343.36) represented the value of the inventory acquired by the corporation after it had been organized on July 1, 1971. It is stipulated that defendant had financed the purchase of all the items which were repossessed.

Thereafter the defendant disposed of the inventories and applied the receipts to the debt owed by the corporation.

On January 26, 1972 the corporation filed its voluntary petition in bankruptcy in the United States District Court for the District of Oregon and was adjudicated a bankrupt, whereupon plaintiff was appointed trustee for the bankrupt corporation.

The issue is whether a security agreement containing an after-acquired property clause with an individual debtor who subsequently transfers his business to a newly-formed corporation is effective against the newly-formed corporation.

As indicated, plaintiff, as trustee in bankruptcy of Clint's Appliance, Inc., seeks to recover an alleged preferential transfer to defendant under § 60 of the federal Bankruptcy Act.[2]

[2] § 60 provides in pertinent part:
"(a) (1) A preference is a transfer, as defined in this title,

■ It is well settled that if a security interest is perfected more than four months prior to the initiation of bankruptcy proceedings the secured party's interest prevails over any claim by the trustee in the collateral covered by the security agreement. 69 Am Jur 2d 406, Secured Transactions § 522. This is equally true of security agreements which cover after-acquired property even though the rights in such property attach within four months of bankruptcy. ORS 79.1080. Thus, when a security interest covering after-acquired property is perfected by filing prior to the four months

of any of the property of a debtor to᾿or for the benefit of a creditor for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within four months before the filing by or against him of the petition initiating a proceeding under this Act, the effect of which transfer will be to enable such creditor to obtain a greater percentage of his debt than some other creditor of the same class.

"(2) For the purposes of subdivisions (a) and (b) of this section, *a transfer of property other than real property shall be deemed to have been made or suffered at the time when it became so far perfected that no subsequent lien upon such property obtainable by legal or equitable proceedings on a simple contract could became superior to the rights of the transferee.* * * *

"(3) The provisions of paragraph (2) of this subdivision shall apply whether or not there are or were creditors who might have obtained such liens upon the property other than real property transferred * * *.

* * * * *

"(b) Any such preference may be avoided by the trustee if the creditor receiving it or to be benefited thereby or his agent acting with reference thereto has, at the time when the transfer is made, reasonable cause to believe that the debtor is insolvent. Where the preference is voidable, the trustee may recover the property or, if it has been converted, its value from any person who has received or converted such property * * *. For the purpose of any recovery or avoidance under this section, where plenary proceedings are necessary, any State court which would have had jurisdiction if bankruptcy had not intervened and any court of bankruptcy shall have concurrent jurisdiction." (Emphasis supplied.)

before bankruptcy, the secured party prevails over the trustee in bankruptcy as to property thereafter acquired by the debtor. *Safeway Stores, Inc. v. Coos Fidelity Corp.,* 266 Or 1, 511 P2d 345 (1973); *Owen v. McKesson and Robbins Drug Co.,* 349 F Supp 1327, 11 UCC Rep 455 (DC Fla 1972); *In re King-Porter Co., Inc.,* 446 F2d 722, 9 UCC Rep 339 (5th Cir 1971); *Phelps v. National Acceptance Co. of America,* 7 UCC Rep 56, 59 (1969); *DuBay v. Williams,* 417 F2d 1277, 1287 (9th Cir 1969); *Rosenberg v. Rudnick,* 262 F Supp 635, 4 UCC Rep 8 (DC Mass 1967); 69 Am Jur 2d 409-410, Secured Transactions § 524. See, also, ORS 79.1080. The primary issue then is whether defendant had a perfected security interest in the inventories it repossessed from the corporation.

ORS 79.2030 sets out the requisites necessary for the attachment of a security interest—that is the creation of rights in the secured party against the debtor. They are: (1) The collateral is in the possession of the secured party or the debtor has signed a security agreement containing a description of the collateral; (2) value has been given; (3) the debtor has rights in the collateral. The filing of a financing statement is generally the final requirement necessary for *perfection* of a security interest so as to protect the secured party from competing claims of other creditors in the collateral subject to the security agreement. ORS 79.3020.

Plaintiff contends that the only perfected security interest acquired by the defendant is based upon its security interest with Clinton Webb as a sole proprietor or partner. Thus, plaintiff concedes that the defendant had a perfected security interest in the inventory transferred by Webb to the newly-formed corporation on July 1, 1971. However, plaintiff argues that inventory acquired by the corporation after that date is not subject to the defendant's security agree-

ment since it was the corporation as a separate entity which acquired rights in such after-acquired inventory and not Clinton Webb, the individual debtor in defendant's security agreement. As a result, plaintiff argues that defendant's security interest could not attach to this portion of the repossessed inventory.

The trial court in rejecting this argument relied on *Evan's Products v. Jorgensen,* 245 Or 362, 3 UCC Rep 1099, 421 P2d 978 (1966), and held that the change from a sole proprietor to a partnership and then to a corporation would not extinguish the defendant's security interest as it was not a sale in the ordinary course of business. In *Evans,* this court relied on ORS 79.3060(2), which provides in pertinent part:

"* * * [A] security interest continues in collateral notwithstanding sale, exchange, or other disposition thereof by the debtor unless his action was authorized by the secured party in the security agreement or otherwise, and continues in any identifiable proceeds including collections received by the debtor."[9]

Plaintiff concedes that, under the *Evans* decision, the inventory in which Clinton Webb had acquired rights prior to the time he incorporated his business was subject to defendant's security agreement. However, as indicated, plaintiff argues that defendant's security interest could not have attached to inventories acquired by the corporation because when rights were acquired in this inventory it was the corporation and not the debtor in defendant's security agreement who acquired such rights. We disagree.

In *Ryan v. Rolland,* 434 F2d 353, 8 UCC Rep 383 (10th Cir 1970), the court was confronted with a similar situation. There it was held that a secured party's interest in the debtors' after-acquired inventory continued in inventory thereafter acquired by a

---

[9] Amended by Oregon Laws 1973, ch 504.

corporation organized by the debtors. The court also held that a new financing statement need not be filed to preserve the security interest against the trustee in bankruptcy of the transferee corporation. In reaching this decision the court cited a statute identical to ORS 79.3060(2) (supra) and found that while the UCC provides that a debtor could voluntarily dispose of his rights in the collateral (see ORS 79.3110) the transfer of the collateral to the corporation did not destroy the secured party's security interest in property thereafter acquired since it had not authorized the transfer.

In *Inter Mountain Ass'n of Credit Men v. Villager, Inc.,* — Utah ——, 527 P2d 664 (1974), a similar result was reached. There an assignee for the benefit of creditors contended that the after-acquired property clause in a creditor's security agreement with a constituent corporation did not extend to property acquired by the surviving corporation after merger. The court rejected this argument and held that the after-acquired property clause in the original debtor's security agreement extended to property acquired by the surviving corporation after the merger. In reaching this decision the court noted that the security agreement expressly provided that the parties therein included the successors or assigns of the parties and that the UCC provides that a security interest continues in collateral notwithstanding the sale, exchange, or other disposition thereof by the debtor unless such action was authorized by the secured party. See ORS 79.3060(2). The court also rejected the assignee's argument that the financing statement showing the name of the constituent corporation was ineffective to perfect the secured party's security interest against the surviving corporation, stating:

"A debtor cannot destroy the perfected security interest of a secured party by merely changing its name or corporate structure, particularly when

there is no evidence to indicate that the secured party had any knowledge thereof." 527 P2d at 671.

■ Analyzing the facts in the instant case it appears that at the time Webb executed the security agreement he did so not as a sole proprietor, but as a partner, since it is stipulated that prior to that time he had transferred the assets of his business to a partnership composed of himself and John Slusarenko. In so doing, he bound the partnership.[④] It is further stipulated that when the corporation was organized on July 1, 1971 "[it] took over the operation of Clint's, the business that had previously been operated under an assumed name of Clint's Applicance Sales and Service". Pursuant to this arrangement all of the assets of the partnership, including the inventory in which defendant had a security interest, were transferred to the corporation.

■ The cases we have referred to make it clear that defendant's security agreement with the partnership extended to inventory subsequently acquired by the corporation. Each of those cases in holding that the security interest attached to after-acquired inventory acquired by the transferee relied on the equivalent of ORS 79.3060(2), which provides that a security interest continues in collateral notwithstanding sale, exchange or other disposition thereof by the debtor unless such action was authorized by the secured party. In addition, further support for holding the corporation subject to the defendant's security agreement is provided by the terms of the security agree-

[④] ORS 68.210(1) provides:

"Every partner is an agent of the partnership for the purpose of its business, and the act of every partner, including the execution in the partnership name of any instrument, for apparently carrying on in the usual way the business of the partnership of which he is a member binds the partnership, unless the partner so acting has in fact no authority to act for the partnership in the particular matter, and the person with whom he is dealing has knowledge of the fact that he has no such authority."

ment itself which provides that "All obligations of Dealer shall bind its successors and assigns." Since it is stipulated that the newly-formed corporation was the "successor" of the partnership, it became subject to defendant's security interest.

■ The fact that the financing statement was filed under the partnership name would not cause defendant's security interest to be unperfected against either the corporation, *Inter Mountain Ass'n of Credit Men v. Villager, Inc.,* supra, or the trustee in bankruptcy, *Ryan v. Rolland,* supra.[5]

■ Even if it could be said that defendant's financing statement was in some way misleading, ORS 79.-4020(7) provides that:

"A financing statement sufficiently shows the name of the debtor if it gives the individual, partnership or corporate name of the debtor, whether or not it adds other trade names or the names of partners. Where the debtor so changes his name or in the case of an organization its name, identity or corporate structure that a filed financing statement becomes seriously misleading, *the filing is not effective to perfect a security interest in collateral acquired by the debtor more than four months after the change,* unless a new appropriate financing statement is filed before the expiration of that time. A filed financing statement remains effective with respect to collateral transferred by the debtor even though the secured party knows

[5] The change in the debtor's name from "Clint's Appliance Sales & Service" to "Clint's Appliance Sales & Service, Inc.", would not appear to destroy the effectiveness of the defendant's financing statement. In *Borg-Warner Accceptance Corp. v. Bank of Marin,* 13 UCC Rep 939 (1973), it was held that a financing statement showing two partners as the debtors and also listing "Loch Lomond Boat Shop and Loch Lomond Yacht Sales" as the debtor's trade name was sufficient to perfect a continuing security interest in after-acquired inventory, even though the business was subsequently incorporated under the name "Loch Lomond Yacht Sales, Inc."

of or consents to the transfer." (Emphasis supplied.)

Thus, the defendant's security interest remained perfected under its financing statement with the partnership at least four months after the partnership changed its "name, identity or corporate structure." Since this change occurred on July 1, 1971, under § 79.4020(7), defendant's security interest remained perfected at least with respect to collateral acquired within four months after the change, that is, November 1, 1971. Exhibit C, attached to the stipulation, indicates that all of the inventory repossessed by the defendant was acquired well within four months after the partnership had changed its "name, identity or corporate structure."

The judgment of the trial court is affirmed.