**In re LITTLE PUFFER BILLY, INC., Debtor.**

**U–LANE–O FEDERAL CREDIT UNION, an association, Plaintiff,**

**v.**

**LITTLE PUFFER BILLY, INC., and Foster and Marshall, Inc., Defendants.**

**Bankruptcy No. 681–05049.
Adv. No. 681–6132.**

United States Bankruptcy Court, D. Oregon.

June 19, 1981.

Derrick McGavic, Eugene, Or., for plaintiff.

Lynn Larsen, Springfield, Or., for defendants.

MEMORANDUM OPINION AND ORDER

C. E. LUCKEY, Bankruptcy Judge.

██ Little Puffer Billy, Inc., is a toy and hobby supply retailer. It obtained secured credit from U-Lane-O Federal Credit Union when operating one store at Valley River Center in Eugene, Lane County, Oregon. It thereafter, about three years later, opened stores in Springfield, Lane County, Oregon and in Bend, Deschutes County, Oregon. The Springfield store was liquidated and U-Lane-O seeks relief from a stay to prevent the debtor from using the funds from the liquidation in its operations, contending that the $25,000 approximately received constitutes cash collateral securing the obligation. The security agreement, executed when the debtor was operating only

the Valley River Center store describes the collateral as follows:

"All inventory of LITTLE PUFFER BILLY, INC., Valley River Center, Eugene, Oregon. Debtor's promise to report amount and value of inventory semi-annually (January 1st and July 1st) Inventory is pledged to secure repayment of note # 38504 to secured party for $32963.20 [sic] plus interest of 10% annual percentage rate. Inventory shall remain sufficient to cover amount of this note. "In Addition: store fixtures including 11 glass cases; 182 feet shelving units; 1 NCR cash register; 5 Victor cash registers; 1 Raymer model 869.15 FM tuner with amplifier; 1 time clock; 7 shopping carts; 1 Hermes adding machine; 1 hand truck; 1 Texas instrument TI–3500 calculator and 1 Adler electric typewriter."

The financing statement filed in Lane County, Oregon, and with the Secretary of State of Oregon to perfect the agreement described the collateral as follows:

"All Inventory of LITTLE PUFFER BILLY, INC. Valley River Center, Eugene, Oregon Debtor's promise to report amount and value of inventory semi annually (Jan 1 and July 1) Inventory is please [sic] to secure repayments of note # 38504 to secured party for $32863.20 plus interest of 10% Annual percentage rate. Inventory shall remain sufficient to cover amount of this note. In Addition: store fixtures including 11 glass cases; 182 feet shelving units 1 NRC cash register; 5 Victor cash registers; 1 Raymer model 869.15 FM tuner with amp; 1 time clock; 7 shopping carts; 1 Hermes adding machine; 1 hand truck; 1 Texas instrument TI–3500 calculator 1-Adler elctric [sic] typewriter"

The Court finds that the description of the inventory is that of the debtor unlimited as to location. The collateral description further provides for the collateral "including" specified items of furniture and fixtures.

Testimony established a practice of some interstore inventory transfers, of which records were kept internally. Unless the debt-

or was treating the encumbrance as applicable to the inventory of the other stores, particularly the Springfield store, such use of the Valley River Center inventory would appear inappropriate. Only the debtors were in a position to know whether or not additional stores were contemplated when the loans were obtained, and in a position to limit the encumbrance to inventory at a specific location. The mention of the Valley River Center, Eugene, Oregon, in the security documents, the Court finds to be only the location at which inquiry may be made by creditors put on notice by the financing statement and not as a limitation on the inventory collateral.

In general commercial usage the term "inventory" does not refer to a merchant's stock of goods as it may exist at the exact moment in time when the word is placed in a document, but, rather conveys a continuing concept, denoting a mass ever in existence, the component parts of which may vary from time to time without changing the character of the mass. The Court in *In re Little Brick Shirthouse, Inc.*, 347 F.Supp. 827 (N.D.Ill.1972), found the generic description "all inventory" sufficient to cover collateral located at a store operated by the debtor at a place other than its principal place of business, which store was opened subsequent to the execution of the security agreement, stating that it is unnecessary to set forth the address where collateral is to be located when it is obvious or readily inferable that the type of collateral covered would naturally be located in those places where the debtor does business.

This Court therefore finds that the money on deposit as proceeds from the sale of inventory of the Springfield store is cash collateral under the security agreement and perfecting financing statement. See O.R.S. 79.3060.

That it is cash collateral does not, however, *per se* entitle the creditor to possession of the funds in a Chapter 11 proceeding. The sum on deposit is admittedly greater than the balance due on the notes. Further, testimony established that there is no present monetary default. In addition

inventory still in existence, based upon the debtor's exhibits, far exceeds in value the obligation due the secured creditor. A sufficient equity cushion appears to exist to support a contention of the debtor that from the inventory and other security and the funds from the sale of the Springfield inventory on deposit that the debtor can provide adequate protection to the creditor for use of the cash collateral.

The debtor contends that the use of the cash collateral is essential to the development of a plan of reorganization and has established a reasonable possibility of an effective reorganization. See *In re Hutton-Johnson Co., Inc.*, 6 B.R. 855, 860 (Bkrtcy., S.D.N.Y.1980).

The Court finds that U-Lane-O Federal Credit Union has not met its burden of proof that the debtor does not have equity in the property (Bankruptcy Code § 362(g)(1)), and the debtor has met its burden that it may provide adequate protection because of the aggregate value of the security available, and that it has a reasonable possibility of an effective reorganization.

Although the creditor is therefore under the findings of the Court not entitled to present possession of the cash collateral, the extension of the stay is conditioned upon the funds remaining in the present depository until the hearing on the disclosure statement relating to the debtor's plan of reorganization because the hearing on the disclosure statement is scheduled within four days of the entry of this Opinion and Order and will enable more accurate determination of the prospects of effecting a plan of reorganization and need for use of the collateral in the successful implementation of a plan.

This Opinion and Order contains the Court's Findings of Fact and Conclusions of Law and pursuant to Bankruptcy Rule 752, they will not be separately stated.