**In re Merle H. GRISWOLD, Debtor,**

**WELLS ALUMINUM MOULTRIE, INC., Plaintiff,**

v.

**Merle Hill GRISWOLD, Defendant,**

**FEDERAL DEPOSIT INSURANCE CORPORATION, in its Corporate Capacity, Plaintiff,**

v.

**Merle Hill GRISWOLD, Defendant.**

**Bankruptcy No. 81–60053–THOM. Adv. Nos. 81–6058–THOM, 81–6065–THOM.**

United States Bankruptcy Court, M. D. Georgia, Thomasville Division.

Jan. 12, 1982.

**34**

Timothy J. Warfel, Moultrie, Ga., for plaintiff Wells Aluminum Moultrie, Inc.

David G. Jeffords, III, Camilla, Ga., for plaintiff FDIC.

William H. Blackburn, Thomasville, Ga., for debtor/defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

ALGIE M. MOSELEY, Jr., Bankruptcy Judge.

Wells Aluminum Moultrie, Inc. [Wells] and Federal Deposit Insurance Corporation [FDIC] each filed a complaint for relief from stay. Wells is holder of a judgment debt and FDIC is a holder of a security agreement. Each claims certain inventory. These two adversary proceedings were consolidated, and the only issues are between Wells and FDIC. The trustee has heretofore abandoned any interest in the collateral. Herein, FDIC is found to have the superior right to the collateral.

### STIPULATED FACTS

"The Federal Deposit Insurance Corporation (FDIC) and Wells Aluminum Moultrie, Inc. enter into the following stipulation:

The debtor-defendant, Merle Hill Griswold, a resident of Colquitt County, Georgia, filed an original petition under Chapter 7 of the Bankruptcy Reform Act of 1978 (Title 11 U.S.C.) on July 13, 1981. Schedule B–2 filed with the petition shows an asset of the defendant to be inventory having a value of $11,000 which is located on the premises of the Little Store in Sale City, Mitchell County, Georgia. It is thought that upon liquidation the inventory will realize substantially less than the value stated.

Wells filed the captioned adversary proceeding on September 28, 1981, and the FDIC filed the captioned adversary proceeding on October 7, 1981, both complaints seeking, among other things, relief from the automatic stay of 11 U.S.C. Section 362 to foreclose upon the inventory heretofore mentioned. This Court granted partial relief to Wells and FDIC on October 14, 1981, allowing the inventory to be liquidated and reserving the question of the disposition of the proceeds. The FDIC claims the proceeds by virtue of a financing statement and se-

curity agreement, and Wells claims the proceeds by virtue of a judgment lien.

On February 27, 1978, Ralph Baird, Jr. and Sybil B. Knight, dba The Little Store executed to Toney Brothers Bank a purchase money security agreement and a financing statement, copies attached hereto as Exhibit 'A' and 'B', respectively. On March 2, 1978, the financing statement was filed in the office of the Clerk, Superior Court, Mitchell County, Georgia. On January 5, 1979, Toney Brothers Bank closed and the FDIC was appointed receiver, and, subsequently, the FDIC, in its corporate capacity, and pursuant to 12 U.S.C. 1823(e), purchased from the receiver the security agreement and financing statement hereinabove referred to. On or about June of 1979, the exact date being unknown, Ralph H. Baird, Jr. and Sybil B. Knight sold the collateral, represented by security agreement and financing statement, to Merle H. Griswold, the debtor-defendant. Such sale was not authorized or approved by the FDIC, but the defendant did start making payments directly to the FDIC. No subsequent recordation was made by the FDIC. The indebtedness to the FDIC is approximately $30,000.

On August 7, 1979, Wells obtained a judgment against the defendant in Colquitt County, Georgia, Superior Court, in Civil Action No. 9561 in the amount of $82,744.01 on which a Fi Fa was issued and entered on the general execution docket in Colquitt County, Georgia, on August 7, 1979, and in Mitchell County, Georgia, on August 8, 1979. Wells levied on its judgment on October 20, 1981." [This levy was made with consent of the Court and FDIC thereby reducing the collateral to cash. Wells and FDIC each claim the cash which now stands in place of the collateral].

"Wells is claiming that its judgment lien against the inventory is superior to the security interest of the FDIC because there is not a financing statement by the FDIC in the Office of the Clerk of the Superior Court of Colquitt County, the county of residence of the debtor-defend-

ant, and the priority of these two liens is the question before this Court.

Entered into this 20 day of October, 1981."

## QUESTIONS AND ANSWERS

1. Wells states that the only issue is who has priority in inventory acquired by Griswold after the date of the transfer to Griswold. Wells states the question in another way, and that is whether the lien given by Ralph Baird and Sybil Knight survived the transfer to Merle Griswold and attached to property acquired (after the transfer) by Griswold. Wells concedes that the only issue is as to that inventory acquired by Merle Griswold after that transfer to her, and no claim is made on equipment or fixtures by Wells, and Wells makes no claim to inventory owned by Baird and Knight which was transferred to Griswold. Although not stated in the stipulated facts, the only inventory existing on the date of bankruptcy was inventory acquired by Griswold. The stipulated facts do not disclose any inventory existing on the date of bankruptcy acquired by Baird and Knight and transferred to Griswold. Wells, in its brief, states: "When you reduce the case to bare essentials the question is this: Does FDIC have a perfected security interest in inventory purchased by Merle Griswold?"

The answer to this is that FDIC has a perfected security interest in inventory purchased by Merle Griswold; that is to say, that the lien given by Ralph Baird and Sybil Knight survived the transfer to Merle Griswold and attached to property acquired by Merle Griswold, and FDIC has priority in inventory acquired by Griswold after the date of the transfer to her from Baird and Knight.

2. FDIC states that the questions for decision are: Does FDIC have a perfected security interest in the inventory? and, if so, Is this perfected security interest superior to the judgment lien of Wells?

FDIC does have a perfected security interest in the inventory which is superior to the judgment lien of Wells.

**36**

## APPLICABLE LAW

"It is uniformly held that security interests perfected against inventory and accounts receivable, replacements thereof, future acquisitions and the proceeds of their sale continue in effect against acquisitions and purchases of a successor entity or transferee as well as the original debtor on the principle that a debtor cannot destroy the perfected security interest of a secured party by transferring title to the collateral or changing its name or corporate structure and the validity of the lien against subsequently acquired assets as well as those presently owned is effective thereagainst as of its original date." *In re Serrins Automotive Warehouse, Inc.*, 29 U.C.C.Rep.Serv. 1418, 1420–21 (Bkrtcy., Pa.1980).

See also *Ryan v. Rolland*, 434 F.2d 353, 8 U.C.C.Rep.Serv. 383 (10 Cir. 1970); also *Fliegel v. Associates Capital Company of Delaware, Inc.*, 537 P.2d 1144, 17 U.C.C.Rep. Serv. 850 (Ore.1975), also *In the Matter of Matto's, Inc.*, 8 B.R. 485 (Bkrtcy., E.D.Mich. 1981).

## DISCUSSION

No cases from any appellate court of Georgia in point has been found or cited to the Court. It should be noted also that we are not here dealing with "proceeds" as that term is used in the Uniform Commercial Code, but are dealing with rights in existing inventory as of the date of bankruptcy for which cash now stands in the place of inventory. It should also be noted that some of the cases discuss the Uniform Commercial Code section which now appears in Ga.Code Ann. § 109A–9–402(7), but this section was not in effect on the date of the security agreement in question and would have no application in the instant case. Even if it did, it would not change the results reached herein. There is no question but that the law dealing with the issues herein is somewhat confused, but this Court is persuaded that the results reached herein and in the above referred to cases that the original debtor cannot destroy the perfected security interest of a

secured party by transferring title to the collateral is the better view.

An Order is entered simultaneously herewith.