In re Lewis E. TARDY.

Bankruptcy No. 381–01425.
Adv. No. 381–0538.

United States Bankruptcy Court,
C. D. Illinois.

Jan. 19, 1982.

Donald A. Willard, Yoder, Yoder, Zanoni, Flynn, Prall & Willard, Bloomington, Ill., for plaintiff.

Anthony H. Hart, Bane, Allison & Saint, P. C., Bloomington, Ill., for defendant.

BASIL H. COUTRAKON, Bankruptcy Judge.

This case presents the issue of whether or not a security interest remains on certain property when the promissory note is renewed but a new security agreement taken thereon does not mention that certain property.

On January 4, 1978, Debtor, Lewis E. Tardy, executed a note payable to creditor, Prairie State Bank, in the amount of $50,000.00. A security agreement was incorporated in the terms and conditions of the note taking a security interest in inventory and equipment of Debtor's business along with certain other items.

This note was marked "paid by renewal" on July 3, 1978 and a second note in the amount of $37,500.00 was executed. As on the first note, the inventory and equipment of the Debtor's business was taken as security thereon.

On January 31, 1979, the previous note was marked "paid by renewal" and a third note of the same date was executed in the principal amount of $28,125.00. However, while several of the other items of security were again taken, the inventory and equipment of the debtor's business were not included.

On August 9, 1979, the third note was renewed in the same amount and again, while other items continued to be taken as security for this fourth note, the inventory and equipment were omitted. The complicating fact occurred between the execution of the third and fourth notes. At that time a new loan was made to Debtor and a third party, Jon Etcheson, as Co-Debtor, by a note dated June 1, 1979, which took the inventory and equipment as a security interest. This was a Small Business Administration loan in which application the Prairie State Bank assisted. A U.C.C. Financing Statement on the inventory and equipment was filed on this S.B.A. loan.

When a note is renewed on a debt, the security interest thereon is not changed unless there is some showing of intent to the contrary. Yet in this case the court is faced with more than a renewal. There was a novation which formed a new agreement between the parties as to the security interest.

The elements of a novation were properly set forth in *Greenbaum and Browne, Ltd. v. Braun*, 88 Ill.App.3d 210, 43 Ill.Dec. 303, 410 N.E.2d 303 (1980). First, there must be a previous valid obligation which here was found in both the first and second notes. Second, the parties must agree to a new contract. Here the third note with a security agreement containing a different set of secured items was executed by the same parties to the second note. Third, the old contract must be extinguished. The second note was extinguished here by "paid by renewal". Fourth, the new contract must be valid. There has been no contention that the third note was invalid. There was proper exchange of consideration between the parties for it to be valid: the debtor was allowed to unencumber the inventory and equipment as well as extend payment of the debt, while the creditor was allowed to increase the interest rate on the debt from 9½% to 12%.

There has therefore been clear and convincing proof to me that a novation oc-

curred in the making of the third note and accompanying security agreement. That the Prairie State Bank assisted the debtor in making his S.B.A. Loan which included the inventory and equipment as collateral casts doubt on its claim that the third note was merely renewed with the same security interest.

Mr. Willard will draw an Order consistent with this Opinion which applies the collateral first to the S.B.A. loan.