**In re GRANNY FRANNIES, INC., Debtor.**

**Bankruptcy No. 83–00231.**

United States Bankruptcy Court, D. South Carolina.

April 9, 1984.

378

Joy S. Goodwin, Columbia, S.C., for movant.

Vickie R. Steele, Columbia, S.C., for debtor.

W. Ryan Hovis, Rock Hill, S.C., Trustee.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

The matter before the court is the objection of the trustee to the motion of Virginia National Bank (the bank) for relief from the automatic stay afforded by 11 U.S.C.[1] § 362[2] so that the bank may pursue its state court remedies. The trustee contends that the bank has no lien upon the property of the debtor, and, therefore, is not entitled to relief from the stay.

### FACTS

Granny Frannie's, Inc., (the debtor), filed a petition for relief under Chapter 7 of the Bankruptcy Code on February 2, 1983.

In October 1982, the debtor purchased all of the assets of G.S.E. Associates (G.S.E.) including the building lease and the restaurant equipment located at 4855 Forest Drive, Columbia, South Carolina.

Prior to October 1982 the bank held a valid security interest in restaurant equipment owned by G.S.E. That lien was perfected by the filing of a Uniform Commercial Code financing statement with the South Carolina Secretary of State and with the Clerk of Court for Richland County, listing G.S.E. as the debtor.

At all relevant times the equipment has been at 4855 Forest Drive, Columbia, Richland County, South Carolina. The financing statement filed by the bank shows this address to be the debtor's address, no situs of the equipment was shown.

The bank has not authorized the sale or transfer of its collateral and was not aware of the sale until notified by the court in June 1983 that the debtor had filed for relief under the Bankruptcy Code.

The balance owed to the bank is $9,542.90 which is secured by the equipment which has a value of $8,111.47.

---

1. Further references to sections of the 1978 Bankruptcy Code will omit the identically numbered sections of Title 11, United States Code.

2. The motion of Virginia National Bank does not state the subsection of 11 U.S.C. § 362(d) under which it is proceeding. Because the motion does not refer to the necessity of the collateral to an effective reorganization, the court assumes the motion is one under 11 U.S.C. § 362(d)(1).

## ISSUES

The issue is: whether the bank is entitled to relief from the stay; and that involves a determination as to whether the bank's lien on the equipment, once owned by G.S.E., is valid against the trustee herein; more specifically, whether it was necessary for the bank—in order to effectuate a continued perfection of its security interest in the equipment—should have to file a new U.C.C. financing statement upon the debtor's acquiring the restaurant equipment from G.S.E.

## DISCUSSION AND CONCLUSION

### I

■ Under § 544(a)(1), the trustee may avoid any obligation of the debtor that is voidable by a lien creditor who had extended credit and obtained a judicial lien at the commencement of the case. The rights and powers of a lien creditor are defined by state law. S.C.Code § 36–9–301(1)(b) (1976) in pertinent part provides that "... an unperfected security interest is subordinated to the rights of ... (b) a person who becomes a lien creditor ... before it [the security interest] is perfected."

Because the bank did not authorize the sale of its collateral by G.S.E. to the debtor, the bank's security interest continued in the restaurant equipment notwithstanding the sale. See, S.C.Code § 36–9–306(2) (1976). Therefore, whether the security interest held by the bank is valid against the debtor's trustee depends upon whether South Carolina law requires a new filing when title to collateral is transferred by the obligor. No South Carolina appellate court opinions resolving this issue have been found by, or cited to, the court.

U.C.C. § 9–402(7), a 1972 amendment to the Uniform Commercial Code, although not adopted by South Carolina, is helpful in resolving the issue. The third sentence of subsection (7) says that "A filed financing statement remains effective with respect to collateral transferred by the debtor even though the secured party knows of or con-

sents to the transfer." Official Comment 8 to § 9–402, as amended in 1972, elaborates:

> This question has been much debated both in pre-Code law and under the Code. This Article now answers the question in the negative. Thus, any person searching the condition of the ownership of a debtor must make inquiry as to the debtor's source of title, and must search in the name of the former owner if circumstances seem to require it.

*Citizens Savings Bank v. Sac City State Bank,* 315 N.W.2d 20, 33 U.C.C.Rep.Serv. 98 (Iowa 1982); has held that subsection (7) is merely a clarification of the pre-amendment Code—not a change in the Code. *See also, Wells Aluminum Moultrie and FDIC v. Griswold (In re Griswold),* 18 B.R. 33, 32 U.C.C.Rep.Serv. 1643 (Bkrtcy. M.D.Ga.1982), in which the Court, applying pre-amendment law, held that a creditor holding a security interest in inventory which was perfected by a financing statement properly filed in the county where the original debtors lived remained perfected after the original debtors transferred the collateral to Griswold. The security interest had priority over the lien of a subsequent judgment creditor of Griswold's notwithstanding the fact that there was no financing statement covering the collateral filed under Griswold's name in the county where Griswold lived.

*Griswold,* citing other cases, both pre-amendment and post-amendment, which reached the same result, *Ryan v. Rolland,* 434 F.2d 353, 8 U.C.C.Rep.Serv. 383 (10th Cir.1970); *In re Serrins Automotive Warehouse, Inc.,* 18 B.R. 718, 29 U.C.C. Rep.Serv. 1418 (Bkrtcy.W.D.Pa.1980); *Fliegel v. Associates Capital Company of Delaware, Inc.,* 272 Or. 434, 537 P.2d 1144, 17 U.C.C.Rep.Serv. 850 (1975); also, *In re Matto's, Inc.,* 8 B.R. 485 (Bkrtcy.E.D.Mich. 1981), concluded:

> There is no question that the law dealing with the issues herein is somewhat confused, but this Court is persuaded that the results reached herein and in the above referred to cases that the original debtor cannot destroy the perfected se-

curity interest of a secured party by transferring title to the collateral is the better view.

18 B.R. 36.

The trustee, citing *In re Freeman*, 33 B.R. 234 (Bkrtcy.C.D.Cal.1983) as authority for the proposition that the lien was not perfected, makes much over the fact that there was no designation as to the location of the collateral on the U.C.C. financing statement filed by the bank. *Freeman* is, however, distinguishable upon its facts; *In re Little Brick Shirthouse, Inc.*, 347 F.Supp. 827 (N.D.Ill.1972) is more to the point.

In *Freeman*, the description of the collateral was specifically limited to a particular address—"All furniture and fixtures and inventory of the Gold Chain Supermarkets now or any time located or installed on the land or in the improvements at 813 State Street, Santa Barbara, California." The debtor subsequently moved to a new address and began conducting business under a new name. The court held that "... the security no longer reasonably identified the collateral as the new inventory purchased at and located at the new location." However, the court held that, as to those items removed from the original location noted on the security agreement, the security interest was *not* extinguished.

*Little Brick Shirthouse, Inc., supra,* more closely approximates the case before this court. The address of the debtor was given in a separate section of the financing statement and was not included in the description of the collateral. The collateral was designated as "all inventory ... whether now or hereafter acquired existing or acquired ... and all products and proceeds of any of the foregoing." The court held that it was not necessary for the secured party to file a new financing statement reflecting the address of the bankrupt's additional stores for inventory in those stores to be covered by the original security interest.

Both *Freeman* and *Little Brick Shirthouse,* hold that a perfected security interest in collateral continues to be perfected when the collateral is moved to a new location regardless of whether the financing statement designated the situs of the collateral.

This court concludes that, in South Carolina, when a creditor has perfected his security interest by properly filing a financing statement and the debtor, without the creditor's consent, removes the collateral from its original location or transfers title to the collateral, the creditor's perfected security interest continues.

Here the bank's security interest in the restaurant equipment owned by G.S.E., having been perfected, remains perfected notwithstanding G.S.E.'s transfer of title to the debtor.

## II

■ Virginia National Bank is a secured creditor and as such is entitled to adequate protection of its interest in the collateral. §§ 361, 362(d)(1). Because the debtor has no equity in the collateral, and because the trustee, as the party opposing the relief, has offered no adequate protection, the bank's motion to modify the automatic stay is granted so as to allow the bank to pursue its remedies under state law.

## ORDER

It is, therefore, **ORDERED, ADJUDGED AND DECREED** that:

(1) the lien held by Virginia National Bank on the restaurant equipment owned by G.S.E. Associates is superior to the claim thereto of the trustee of the debtor estate; and

(2) Virginia National Bank's motion to modify the stay is granted.