37 F.3d 1506
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re UNITED EQUIPMENT, INC., Debtor.
CONCORD COMMERCIAL CORPORATION, Appellant,
v.
U.S. NATIONAL BANK OF OREGON, Appellee.
 No. 93-35191.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 13, 1994.*
Decided Sept. 19, 1994.
 
 Before: ALDISERT,** NORRIS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 The question for decision in this appeal from a district court's order affirming the judgment of a bankruptcy court is whether U.S. National Bank of Oregon, Appellee, created a valid security interest in five forklifts held by a debtor for sale or lease by describing the collateral as "inventory now held or hereafter acquired." The bankruptcy court granted summary judgment in favor of National Bank, holding that the description was sufficient, that the bank's interest in the forklifts was valid and perfected and that its interest was superior to and had priority over the interest of Concord Commercial Corporation, Appellant. Concord appealed to the district court and, now, appeals to this court. Because we agree with the district court, we will affirm its judgment.
 
 
 3
 Jurisdiction was proper in the district court based on 23 U.S.C. Sec. 158(a). We have jurisdiction pursuant to 28 U.S.C. Sec. 158(d). The appeal was timely filed under Rules 4(a) and 6(a) of the Federal Rules of Appellate Procedure. "We review the bankruptcy court's grant of summary judgment, as affirmed by the district court, de novo." In re Heide, 915 F.2d 531, 532 (9th Cir.1990).
 
 I.
 
 4
 The basic facts of this case are not in dispute. National Bank and Concord are creditors of United Equipment, Inc. United Equipment was in the business of selling and leasing heavy equipment such as forklifts. In 1991, United Equipment filed bankruptcy under Chapter 11 of the bankruptcy code. The case was subsequently converted to a Chapter 7 liquidation. During the course of the bankruptcy proceedings, both National Bank and Concord claimed a perfected security interest in five forklifts purchased by United Equipment. National Bank claimed a superior interest based upon a Security Agreement and Financing Statement with United Equipment entered into in 1977. Significantly, National Bank's Security Agreement was recorded 12 years before the security agreement under which Concord claims its interest in the forklifts.
 
 
 5
 The Security Agreement between National Bank and United Equipment, dated April 7, 1977, provides in relevant part:
 
 
 6
 United Equipment, Inc. ... hereby Grants to UNITED STATES NATIONAL BANK OF OREGON, the secured party hereunder ... a security interest in Borrower's inventory as follows: All
 
 
 7
 All accounts Receivables, contract rights, chattel paper, and general intangible now owned or hereafter acquired AND
 
 
 8
 All inventory now held or hereafter acquired.
 
 
 9
 now owned and all similar goods hereinafter acquired....
 
 
 10
 Appellee's E.R. at 4 (underlined portion represents typewritten text). A Financing Statement containing identical language accompanied the Security Agreement. Under these terms, National Bank agreed to establish a line of credit for United Equipment. Subsequent to the original agreement, several amended financing statements were recorded, all of which specifically referenced the original Security Agreement. However, these financing statements were filed after the perfection of Concord's security interest in the forklifts. Concord concedes that National Bank's claim stands or falls on the validity of the description in the 1977 Security Agreement. In the bankruptcy proceeding, both creditors stipulated that the forklifts were acquired for sale or leasing purposes.
 
 
 11
 In affirming the bankruptcy court's grant of summary judgment in favor of National Bank, the district court held that no material issues of fact existed, that "inventory" was a sufficient description of collateral under Oregon law and that the description in the Security Agreement reasonably identified the forklifts.
 
 
 12
 On appeal, Concord argues that the district court erred in determining that "inventory" is a sufficient description of collateral to create an enforceable security interest, that, even if it is sufficient, the district court erred in determining that "inventory" reasonably identified the five forklifts in question, that the district court erred in not concluding that there was a genuine issue of fact whether the parties intended the word "inventory" to be the operative description in this case and that the district court erred in not concluding that the use of the word "or" rendered the description insufficient.
 
 II.
 
 13
 In order to have a valid security interest under Oregon law, the debtor must have "signed a security agreement which contains a description of the collateral." Or.Rev.Stat. Sec. 79.2030. For purposes of this section, "any description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described." Or.Rev.Stat. Sec. 79.110. Thus, the question we must answer is whether "[a]ll inventory now held or hereafter acquired" reasonably identifies the five forklifts.
 
 
 14
 Oregon's commercial code defines "inventory" as goods "held by a person who holds them for sale or lease." Or.Rev.Stat. Sec. 79.1090(4). Therefore, in accordance with the stipulation of the parties in the bankruptcy proceedings, the forklifts were inventory. The Appellant argues, however, that the term inventory is not a description of personal property but rather a legal classification of collateral. According to the Appellant, to be effective, a security agreement must contain a description of personal property by type or item not be category or classification.
 
 
 15
 The language of the statute itself contradicts the position of the Appellant. The statute distinctly provides that a description of collateral need not be specific. As a result, the term "inventory," when used as a description of collateral in a security agreement, is sufficient to create a valid security interest under Oregon law. See, e.g., In re Summit Creek Plywood Co., 27 B.R. 209, 212 (Bankr.D.Or.1982) ("It is correct that the UCC does not require the use of the specific term 'inventory' so long as there is an adequate description of the collateral."); In re Little Puffer Billy, Inc., 16 B.R. 174, 175 (Bankr.D.Or.1981) (description of collateral as "all inventory" was sufficient to create a valid security interest); Fliegel v. Associates Capital Co., 272 Or. 434, 444 (1975) (description of collateral as "all present inventory ... as well as any and all subsequently acquired inventory" was sufficient to create a valid security interest in debtor's inventory even after it was transferred to newly formed corporation).
 
 
 16
 Moreover, we have characterized the terms "all inventory" and "inventory" as "the usual language granting a security interest." Stoumbos v. Kilimnik, 988 F.2d 949, 955 (9th Cir.), cert. denied, 114 S.Ct. 190 (1993); see also Boudreau v. Borg-Warner Acceptance Corp., 616 F.2d 1077, 1080 (9th Cir.1980) (description of collateral as inventory was sufficient to create a valid security interest in all of debtor's inventory).
 
 
 17
 Finally, because the debtor was in the business of selling and leasing heavy equipment, to require a creditor to specifically describe its inventory, which by definition is subject to frequent turnover, would be a substantial burden, particularly for a bank that extends a line of credit over a long period of time. See Stoumbos, 988 F.2d at 955 ("inventory is constantly turning over, and no creditor could reasonably agree to be secured by an asset that would vanish in a short time in the normal course of business"); In re Southern Vermont Supply, Inc., 58 B.R. 887, 894 (Bankr.D.Vt.1986) ("We reject the 'exact and detailed' description that counsel ... argues for ... because reasonable business practices render this type of exacting detail commercially impractical.").
 
 
 18
 Therefore, we conclude that "[a]ll inventory now held or hereafter acquired" is a sufficient description of collateral to create a valid security interest and that, because the five forklifts in question were inventory, the description reasonably identified them.
 
 III.
 
 19
 Appellant's remaining arguments require little discussion. Appellant contends that there remains a question of fact as to whether the parties intended inventory to be the operative term in the security agreement. In particular, Appellant points to apparent inconsistencies between the text of the printed form and the typewritten additions. As Concord itself points out, however, typed terms control printed terms. CIA, Estrella Blanca, LTDA. v. S.S. Nictric, 247 F.Supp. 161, 168 (D.Or.1965), aff'd sub nom. Schnitzer Steel Products Co. v. Amtro Corp., 368 F.2d 575 (9th Cir.1966). Furthermore, extrinsic evidence of the parties' intent is admissible only if the terms of the agreement are ambiguous. See Jarrett v. United States Nat'l Bank, 81 Or.App. 242, 247 (1986) (holding that when a document is fully integrated and not ambiguous on its face, extrinsic evidence is not admissible), review denied, 302 Or. 476 (1987). Because we find no ambiguity, we conclude that no material issues of fact remain.
 
 
 20
 Finally, Appellant argues that the use of the word "or" in the phrase "[a]ll inventory now held or hereafter acquired" renders the description insufficient. The use of "or" rather than "and" does not create an ambiguity; the parties' intent to create an interest in after-acquired inventory is clear. Essentially, Appellant is attempting to create an ambiguity where none exists.
 
 IV.
 
 21
 We have considered all the contentions raised by the Appellant. To the extent not discussed herein, Appellant's other arguments have been considered and rejected.
 
 
 22
 For the foregoing reasons, we AFFIRM the judgment of the district court.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3